MRS. ETHEL BACHUS ET AL V. VIRGE FOSTER ET AL.

No. 7232. Decided January 4, 1939.
(122 S. W., 2d Series, 1058.)

184

F. E. *Mitchell* and L. B. *Lewis,* both of Baird, and *Scarborough & Fly,* of Abilene, for appellant.

The sheriff being a necessary party to the suit, and his surety, the American Surety Company, being a foreign corporation and maintaining an office in Taylor County was properly suable in that county. Fox v. Cone, 118 Texas 212, 13 S. W. (2d) 65; Moore v. Lindsay, 71 S. W. 298; Price v. Schnaufer, 79 S. W. (2d) 872.

*Turner, Seaberry & Springer,* of Eastland, for appellee.

Since plaintiffs sued Foster for damages, alleging negligence and wrongful conduct, and did not allege any facts showing liability by reason of his official bond or the breach thereof, the cause as to Foster is an action for tort and not in contract, hence the court did not err in sustaining his plea of privilege. Hatcher v. State, 125 Texas 84, 81 S. W. (2d) 499; Cowart v. Russell, 116 S. W. (2d) 888; Smith v. Rogers, 34 S. W. (2d) 312.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Eleventh Supreme Judicial District has submitted the following certificate containing certified law questions:

"Mrs. Ethel Bachus and others brought this suit against Virge Foster and the American Surety Company in Taylor County, Texas. The suit was for damages alleged to have been suffered by appellants as a result of the killing of Stephen W. Bachus, the husband of Ethel Bachus, by Foster, while he was engaged in performing his duties as sheriff of Eastland County. The defendant American Surety Company was surety on the

sheriff's official bond. Foster filed his plea of privilege to be sued in Eastland County, which was controverted, and, after a hearing, the plea was sustained, from which judgment the plaintiffs appealed.

"Foster at all times in question was the sheriff of Eastland County and a resident therein. The surety company is a corporation of the State of New York with a permit to do business in Texas, and having a local agent in Taylor County, in which county it has been continuously doing business for some time. (This is also true as to Eastland County.)

"Appellants filed their controverting affidavit, alleging that the District Court of Taylor County had venue of the suit by virtue of subds. 23, 27, 4 and 29a of Art. 1995.

"Plaintiffs alleged that Sheriff Foster and other officers found deceased unlawfully manufacturing intoxicating liquors in Eastland County, that said violation of the law was committed by deceased in the presence of Sheriff Foster in Eastland County, Texas; that Foster attempted to arrest deceased, that deceased offered no resistance to said attempted arrest, but attempted to run away; that the sheriff began firing a pistol at deceased; that a bullet fired by the sheriff struck deceased in the back and caused his death. It was alleged that the sheriff shot at the deceased with the intention of striking him 'well knowing that if it struck (deceased) the same would either kill or inflict serious bodily injuries upon * * * deceased.' It was also alleged that the shooting at deceased by the sheriff constituted negligence and gross negligence. (For complete statement of allegations of cause of action and grounds of venue see transcript.)

"There was evidence which would have authorized the conclusion that the sheriff shot at deceased intending to hit him, or that while shooting over the head of the deceased the sheriff stepped into a low place, that the bullet that struck deceased first struck a limb of a tree which caused the bullet to glance downward and strike the deceased."

The certificate contains a number of certified questions, the purport of which, so far as same is material, appears from our discussion of the controlling law question involved. It is needless, therefore, that the several certified questions be set out.

The inquiry which we are required to make concerns the venue of the suit in question. For the present, the suit will be treated in all respects as an action on the official bond of

Virge Foster as sheriff of Eastland County. Subdivision 30 of Article 1995 of the Statutes provides:

"Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The bond upon which the present suit is founded is what we shall term a surety company bond. Turning to Chapter 16, Title 78 of the Revised Statutes (Articles 4969 to 4981, inclusive) it is discovered that surety companies and surety bonds made by them are regulated there. An examination of Article 4969 discloses that the corporate powers exerciseable in this State by a surety company include the business of becoming surety upon bonds of a wide variety of functionaries. Bonds of public officers, administrators, guardians, receivers, etc., and bonds required to be filed in judiciary proceedings, are included within the comprehensive purview of the statute. In respects presently material, Article 4970 provides as follows:

"Whenever any bond * * * is, by law * * * required or permitted to be made, given, tendered or filed, * * * such bond * * * may be executed by a surety company, qualified as hereinafter provided. * * * Any suit on any bond issued under this and the preceding article shall be brought at the place as provided for in this chapter. * * *"

Article 4975, contained in the Chapter, provides as follows:

"If any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. Service therein shall be made, either upon the attorney for said company, by this subdivision required to be appointed, or upon the Commissioner; and such service shall be to all intents valid and effectual as service upon said company. Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing any business in any county shall be deemed an acceptance of the provisions of this subdivision."

It is seen that the first clause of Article 4975 comprehends any suit on a bond of the character contemplated by Articles 4969 and 4970, and in express terms provides the place where, according to the provisions of Article 4970, such a suit "shall be brought." The mandatory character of this language, considered in connection with similar language contained in Subdivision 30 of Article 1995, leaves no room to

doubt that the Legislature meant to lay the venue of such a suit exclusively in the county in which such bond is filed, regardless of where, in this State, any of the obligors on the bond may reside. In the light of the context, it is not reasonable to infer that the Legislature intended to authorize such a suit to be brought in any other county when it provided, as it did in Article 4975, that: "Such guaranty, filedity and surety companies shall be deemed resident of the counties wherever they may do business." So far as a suit on any bond comprehended by Articles 4969 and 4970 is concerned, the last quoted language means nothing more than that the residence of the surety company is fixed, for the purposes of such suit, in the county where the bond sued on is filed.

■ As we have seen, the bond sued on is the official bond of Virge Foster, as sheriff of Eastland County. By Article 6866, this bond is required to be approved by the Commissioners Court of Eastland County, and by Article 600 of the Statutes, the same is required to be "safely kept and recorded by the county clerk" of that county. It thus appears that said bond is required by law to be filed in Eastland County. By virtue of the statutes discussed above, the venue of the suit on said bond lies in Eastland County and nowhere else.

■ Up to this point, we have proceeded on the hypothesis that the suit in question is essentially a suit on the official bond of Foster. However, it appears that Foster is sought to be required to respond in damages for a tort alleged to have been committed by him in Eastland County. Even so, venue of the suit still would lie in Eastland County and not in Taylor County, for the reason that Foster resides in Eastland County, where the tort was committed, and the surety company is not charged with liability as a tort-feasor.

What we have said sufficiently answers the various questions submitted in the certificate of the Court of Civil Appeals, and same are so answered.

Opinion adopted by the Supreme Court January 4, 1939.