### BACHUS et al. v. FOSTER et al.
### No. 1617.

Court of Civil Appeals of Texas. Eastland.

Feb. 3, 1939.

F. E. Mitchell and L. B. Lewis, both of Baird, and Scarborough & Ely, of Abilene, for appellants.

Turner, Seaberry & Springer, of Eastland, for appellees.

GRISSOM, Justice.

On January 15, 1937, we reversed the judgment of the trial court sustaining the plea of privilege of the defendant Foster, and rendered judgment overruling said defendant's plea of privilege.

Pending motion for rehearing, upon appellees' motion, the following questions were certified to the Supreme Court:

"(1) Is this suit against Foster an action upon a contract or in tort?

"(2) Is it incumbent upon a plaintiff in a suit of this kind in order for him to establish that the principal is a necessary party to the suit under Art. 6251, and subd. 29a of Art. 1995 [Vernon's Ann. Civ.St. art. 1995, subd. 29a], to allege and prove that a judgment has not previously been rendered against the principal and likewise negative all other exceptions referred to in article 6251?

"(3) Under the facts of this case, did we err in holding that the sheriff was a necessary party to a suit against the surety on his official bond?

"(4) Since the official bond of Foster was filed in Eastland County, did we err in holding that the district court of Taylor County had venue of this suit in view of the portion of Art. 4975 which provides 'if any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause?'"

On January 4, 1939, said questions were answered by the Supreme Court. See Mrs. Ethel Bachus et al. v. Virge Foster et al., 122 S.W.2d 1058.

The Supreme Court held that the venue of a suit upon a surety bond is by virtue of the provisions of Chapter 16, Title 78 of the Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 4969 et seq., and subd. 30 of Art. 1995, fixed exclusively in the county where the bond sued on is filed.

In compliance with the opinion of the Supreme Court, the motion for rehearing is granted and the judgment of the trial court is affirmed.