

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 16, 1948

Hon. Leo C. Buckley
County Attorney
Zapata County
Zapata, Texas

Opinion No. V-637

Re: Questions regarding
form and procedure
respecting the bond
required of the Coun-
ty Attorney.

Dear Sir:

Reference is made to your recent request which reads as follows:

"On June 14, 1948, the Commissioners' Court of Zapata County appointed me County Attorney, subject to the required bond and oath. In connection with executing and filing the required bond, I note what appears to be a conflict in the pertinent statutes.

"Article 330, Vernon's Revised Civil Statutes, reads: 'Each county attorney shall execute a bond payable to the Governor in the sum of twenty-five hundred dollars, with at least two good and sufficient sureties to be approved by the Commissioners Court of his county, conditioned that he will faithfully pay over in the manner prescribed by law all moneys which he may collect or which may come to his hands for the State or any county.'

"Article 5998 provides the alternative of having such bond made by a 'solvent surety company authorized to do business in this State'.

"Articles 5999 and 6000 read consecutively as follows:

"'The bond of each officer who is required by law to give an official bond payable to the Governor or to the State shall

be deposited with the Comptroller by the
officer who approves the same., except that
of the Comptroller which shall be deposited
with the Secretary of State,'

"'All official bonds of county offi-
cers that are required by law to be approv-
ed by the commissioners court, and which
have been so approved, shall be made pay-
able to the county judge and kept and re-
corded by the county clerk in a book kept
for that purpose.'

"In view of the seeming discrepancy
between the provisions of Article 330 and
Article 6000, I should appreciate your in-
forming me:

"1. To whom should my bond be payable ---
the Governor, or the County Judge?

"2. Must it be approved by the Commis-
sioners' Court?

"3. With whom is it to be filed --- the
Comptroller, the County Clerk, or both?"

In Sutherland Statutory Construction, Vol. 2,
pages 541-42-43, we find the following:

"General and special acts may be in
pari materia. If so, they should be con-
strued together. Where one statute deals
with a subject in general terms, and anoth-
er deals with a part of the same subject
in a more detailed way, the two should be
harmonized if possible; but if there is
any conflict, the latter will prevail, re-
gardless of whether it was passed prior
to the general statute, unless it appears
that the legislature intended to make the
general act controlling."

Also, in the case of Townsend v. Terrell, 16
S.W.(2d) 1063 (Tex. Com. App.) the court said:

"It is only where acts are so in-
consistent as to be irreconcilable that
a repeal by implication will be indulged.
If there exists such conflict, then there

is a presumption of the intention to re-
peal all laws and parts of laws in conflict
with the clear intention of the last act.
This is necessarily true where both acts
cannot stand as valid enactments.

"This rule of construction has found
frequent and apt illustration where one of
the supposedly conflicting statutes was
general in its terms and the other speci-
fic.  In such a case it is universally held
that the specific statute more clearly evi-
dences the intention of the Legislature than
the general one, and therefore that it will
control.  In such a case both statutes are
permitted to stand - the general one appli-
cable to all cases except the particular one
embraced in the specific statute. . ."

Article 330, V. C. S. deals exclusively with
the subject of county attorneys' bonds, while Article
6000, V. C. S. deals with county officials' bonds gen-
erally.  In view of the foregoing, it is our opinion
that the bond of the county attorney should be made
payable to the Governor.

In the case of Luckey v. Short, 20 S.W. 723,
the court said:

"While it is made by law the duty of
the commissioners' court to approve the
bond of the county attorney, no time is
fixed at or within which this shall be
done."

Therefore, in view of the foregoing, it is our
opinion that the bond of the county attorney must be ap-
proved by the commissioners' court.

We are unable to find a case where the courts
have passed upon your last question directly.  However,
in the case of Bachus v. Foster, 132 Tex. 183, 122 S.W.
(2d) 1058 (Tex. Com. App.) opinion adopted in deciding
the question of venue in a suit on a sheriff's bond where
the facts showed that the bond had been filed with the
County Clerk, the court said:

"As we have seen, the bond sued on
is the official bond of Virge Foster, as
sheriff of Eastland County.  By Article
6866, this bond is required to be approv-
ed by the Commissioners Court of Eastland

County, and by Article 6000 of the Stat-
utes the same is required to be 'safely
kept and recorded by the county clerk' of
that county. It thus appears that said
bond is required by law to be filed in
Eastland County."

Article 6000 above cited provides that all offi-
cial bonds of county officers that are required by law to
be approved by the commissioners' courts and which have
been so approved shall be safely kept and recorded by the
county clerk. The County Attorney is, of course, a public
officer, 15 Tex. Jur. 385. The Supreme Court in the Backus
case having recognized that the county official's bond was
properly filed with the County Clerk, it follows by implica-
tion that the bond should also be kept by him.

Article 6866, V. C. S. provides that the bond
of the sheriff shall be made payable to the Governor, and
Article 330, V. C. S. provides that the bond of the coun-
ty attorney shall be made payable to the Governor. Hence,
we believe the holding in the above quoted case is also
applicable to the county attorney's bond. Therefore, by
virtue of the foregoing, it is our opinion that the bond
of the county attorney should be filed in the office of
the county clerk after being approved by the commission-
ers' court.

## SUMMARY

The official bond of the county attorney
should be made payable to the Governor. Art.
330, V. C. S. Such bond should be approved by
the Commissioners' Court. Luckey v. Short, 20
S.W. 723. The official bond of the county at-
torney should be kept and filed in the office
of the county clerk after such approval. Arti-
cle 6000, Bachus v. Foster, 122 S.W.(2d) 1058.

Yours very truly,

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Bruce Allen*

Bruce Allen
Assistant

BA:mw:jrb