### WALKER et al. v. STATE et al.
### No. 2949.

Court of Civil Appeals of Texas. Eastland.

Sept. 12, 1952.

Ivan Irwin, Dallas, Scott, Wilson & Cureton, Waco, for appellant.

Price Daniel, Atty. Gen., W. V. Geppert, Asst. Atty. Gen., L. P. Lollar, Asst. Atty. Gen., J. M. Nuessle, Dist. Atty., Frank Sparks, Eastland, for appellee.

GRISSOM, Chief Justice.

The State of Texas and Eastland County sued Horace Walker and U. S. Trust & Guaranty Company to recover, among other things, a joint and several judgment for $10,000 against Walker and said surety company, on bonds executed by them to secure plaintiffs against loss by Walker's performance of contracts with plaintiffs to collect taxes in Eastland County. Each contract provides that Walker shall execute a bond conditioned that he shall "forthwith pay over to the Tax Collector, or other persons justly entitled thereto, any money or commissions paid him by mistake, through error, or otherwise, to which he is not entitled under the terms of this contract." The contracts were made a part of the bonds. The contracts provide that the bonds shall be approved by the Commissioners Court and filed for record in the office of the County Clerk of Eastland County. Walker's plea of privilege to be sued in Dallas County, where he resides, was overruled and he has appealed.

Art. 7.02 of the Insurance Code, formerly Art. 4970, R.S.1925, authorizes the execution of a bond by a surety company and provides that any suit on such bond "shall be brought at the place as provided for in this chapter * * *." Art. 7.07 of the same chapter of the Insurance Code, formerly Art. 4975, R.S.1925, provides that "if any suit shall be instituted upon any bond * * * of any surety company, the

proper court of the county wherein said bond is filed shall have jurisdiction of said cause." It also provides that the surety companies shall be "deemed resident of the counties wherever they may do business * * *." Subdivision 30 of Art. 1995 provides that whenever there is a law authorizing or regulating any particular character of action wherein the venue is expressly prescribed, such a suit shall be commenced in the county to which jurisdiction may be so expressly given. The Supreme Court, in Bachus v. Foster, Tex.Com.App., 122 S.W. 2d 1058, 1060, in discussing a suit against a sheriff and the surety on his bond, commenced in a county other than the county in which the bond was filed, said:

"It is seen that the first clause of Article 4975 comprehends any suit on a bond of the character contemplated by Articles 4969 and 4970, and in express terms provides the place where, according to the provisions of Article 4970, such a suit 'shall be brought.' The mandatory character of this language, considered in connection with similar language contained in Subdivision 30 of Article 1995, leaves no room to doubt that the legislature meant to lay the venue of such a suit exclusively in the county in which such bond is filed, regardless of where, in this State, any of of the obligors on the bond may reside. In the light of the context, it is not reasonable to infer that the legislature intended to authorize such a suit to be brought in any other county when it provided, as it did in Article 4975, that: 'Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business.' So far as a suit on any bond comprehended by Articles 4969 and 4970 is concerned, the last quoted language means nothing more than that the residence of the surety company is fixed, for the purposes of such suit, in the county where the bond sued on is filed.

"As we have seen, the bond sued on is the official bond of Virge Foster, as sheriff of Eastland County. By Article 6866, this bond is required to be ap-proved by the Commissioners Court of Eastland County, and by Article 6000 of the Statutes the same is required to be 'safely kept and recorded by the county clerk' of that county. It thus appears that said bond is required by law to be filed in Eastland County. By virtue of the statutes discussed above, the venue of the suit on said bond lies in Eastland county and nowhere else."

Said bonds being filed in Eastland County, the venue of this suit on said bonds lies in Eastland County "and nowhere else." See Bachus v. Foster, Tex.Com.App., 122 S.W.2d 1058, 1060 and Id., Tex.Civ.App., 125 S.W.2d 641.

The judgment is affirmed.