**SCOTT et al. v. UNITED STATES FIDELITY & GUARANTY CO.**

**No. 6265.**

Court of Civil Appeals of Texas. Amarillo.

Jan. 5, 1953.

Rehearing Denied March 9, 1953.

James L. Mitchell, Dallas, for appellants.

Curtis White, Dallas, for appellee.

PITTS, Chief Justice.

This is a venue action growing out of a suit originally filed on December 18, 1951, by appellants, Johnny Fay Beavers Scott, a feme sole, and Irene Beavers Wolfe, a feme sole, in two separate counts, the first of which was a tort action for an alleged conversion against Ollie Beavers Davis, joined by her husband C. C. Davis, and the second count being an action against the same named defendants, together with the United States Fidelity & Guaranty Company, for the alleged breach of a contractual obligation as principal and surety on a guardian's bond. Appellants alleged that during their minority, when their names were Johnny Fay Beavers and Irene Beavers, they came into possession of an estate by inheritance consisting of cash in the sum of $4,450 and Mrs. Ollie Beavers Davis, whose name was then Mrs. Ollie Beavers, was on March 23, 1951, duly and legally appointed guardian of their estate in the Probate Court of Smith County, Texas, with the United States Fidelity & Guaranty Company as surety on her guardian's bond in the sum of $9,000 with the usual lawful conditions therein expressed. Mrs. Davis will be hereafter referred to as the guardian and the bonding company will be hereafter referred to as the surety. Appellants further alleged that the guardianship had never been closed but was still pending in the Probate Court of Smith County, Texas, while the said minors had then become of full age; that the guardian as such had converted to her own use and benefit the sum of $4,400 of the said estate belonging to appellants, which sum they sought as against the guardian individually in the first count of their pleadings; that the guardian, while the said bond was still in full force and effect, had breached her duty as such guardian by converting, dissipating or misappropriating funds in the sum of $4,400 belonging to appellants, for which reasons both the guardian and her surety were liable jointly and severally.

On January 17, 1952, the guardian, joined by her husband, answered appellants' petition on the merits of the case only by filing a general denial while on the same day the same counsel who answered for the guardian likewise answered for the surety by filing a plea of privilege, seeking to have the original suit as against the surety transferred to a proper court in Smith County, Texas, where the guardian's bond had been filed, which County it alleged has exclusive venue under the terms and provisions of Article 7.07, New Insurance

Code, V.A.T.S. Insurance Code, art. 7.07, formerly Article 4975, R.C.S. Appellants seasonably filed and presented their controverting plea seeking to maintain venue as against the surety in Dallas County under the provisions of Article 1995 since the guardian and her husband resided in Dallas County, Texas, and the surety had an office and an agent in Dallas County, Texas, where is was then engaged in business in the said County. On February 21, 1952, the issue of venue was heard by the trial court without a jury and it found that the plea of privilege should be sustained. The plea of privilege of the surety was sustained by order of the court, which ordered the entire case transferred to the Seventh District Court of Smith County, Texas, from which order appellants perfected their appeal to the Court of Civil Appeals at Dallas, Texas, and the same was transferred to this court by the Supreme Court in equalizing the dockets of the Courts of Civil Appeals.

However, prior to perfecting their appeal and on February 28, 1952, appellants filed a motion seeking to have the trial court set aside its judgment and urging that Dallas County had venue as against all parties but in the alternative that the cause of action was severable as against the guardian and the surety and the same should not be transferred in any event as against the guardian, who answered on the merits of the case, did not file a plea of privilege and was not a party to the hearing on the plea of privilege. On March 7, 1952, the said motion was overruled by order of the trial court from which appellants again timely gave notice of appeal.

The surety has challenged the jurisdiction of the appellate court for the alleged reason the record was not timely tendered for filing and should not have been filed. For the reasons hereinafter given it is our opinion that the Dallas Court of Civil Appeals was justified in ordering the record filed and the challenge of the surety is therefore overruled.

The record reveals that the venue hearing was had on February 21, 1952, but the trial court did not sign and enter its judgment until February 27, 1952. There-

after on March 11, 1952, the Dallas Court of Civil Appeals, for good cause shown by appellants, granted a 15-day extension of time for filing the record. This extension period, together with the 20-day period fixed by Rule 385, Texas Rules of Civil Procedure, for appealing from an interlocutory judgment, would have extended the time from the date of the hearing on February 21, 1952, to March 27, 1952, the date appellants tendered the record for filing. This fact was urged by appellants in a second motion presented urging the filing of the record as of the date it was tendered for filing. The second motion was sustained by the Dallas Court of Civil Appeals and the Clerk was directed by a court order to file the record as of March 27, 1952, in a brief memorandum Per Curiam opinion without giving any grounds for so holding. It must be presumed, however, that the Dallas Court of Civil Appeals, in acting upon the second motion filed, revised its first order extending the time for 15 days from March 11, 1952. This it had a right to do and thus gave appellants the full benefit of the 15-day extension of time to be added to the original 20-day period authorized by Rule 385 for perfecting such an appeal. Or the said Court was justified in holding, if it did so hold, that the 20-day period for perfecting the appeal did not begin until February 27, 1952, the date the trial court signed and entered its judgment and the date given by the surety in its brief as the time when the 20-day period began. In either event the Dallas Court was justified in revising its first order entered and in finally ordering the record filed on March 27, 1952.

The case is presented here upon an agreed stipulation of facts approved by counsel for appellants, counsel for the surety and the trial court. The facts as stated are consistent with the statements herein made and it is agreed that appellants have alleged a cause of action against the defendants but the surety does not admit that all such pleadings are true. It is also agreed that the surety is a foreign corporation with an office and an agent in Dallas County and that the bond it executed for the guardian was filed in the Probate Court of

Smith County, Texas, where the guardianship was pending and was there recorded. As between appellants and the surety:

"It is further agreed and stipulated that for the purpose of this hearing all of the essential facts relating to venue is stipulated between the parties and that there is no issue or dispute between the parties as to any fact raised at this hearing on plea of privilege, but the sole questions of dispute and disagreement between the parties are questions of law to be submitted to the Court and that the right to the transfer of the cause on the plea of privilege depends entirely upon the Court's decision of the questions of law submitted by the parties."

At the request of appellants the trial court made and filed its findings and conclusions. Its findings are consistent with the stipulated facts and it concludes that the alleged cause of action against the guardian and the surety is of such a nature that the same cannot be properly separated as to the named party defendants. Consequently, it held that the cause as a whole must be transferred to Smith County, which County has exclusive venue of the entire suit under the provisions of Section 30 of Article 1995 and Articles 7.02 and 7.07 of the New Insurance Code, V.A.T.S. Insurance Code, arts. 7.02, 7.07, formerly Articles 4970 and 4975, R.C.S.

Appellants contend that Dallas County is the legal residence for venue purposes of all party defendants and the said County therefore has venue in this suit as against all party defendants. In the alternative, they contend that the cause of action is severable as against the guardian and the surety and certainly the action as against the guardian should not be transferred to Smith County since she answered the cause on its merits, did not file a plea of privilege or seek a transfer of the action and was not in fact a party to the hearing on the plea of privilege. Finally appellants contend that, in any event, the cause of action alleged against the guardian only in the first count of their pleadings should not be transferred to Smith County since no relief whatever is there sought against the surety.

In support of their last contention here made they cite the case of Comer v. Brown, Tex.Com.App., 285 S.W. 307. For reasons hereinafter stated, it is our opinion that appellants should be sustained in their last contention made but the other two must be overruled.

 In the case at bar the United States Fidelity & Guaranty Company executed a bond as a surety guaranteeing the good faith of the guardian in administering the estate of appellants. Article 7.02, Chapter 7 of the New Insurance Code, formerly Article 4970, R.C.S., authorizes the execution of such a bond, and the said Article further provides that any suit on such a bond "shall be brought at the place as provided for in this chapter * * *." Article 7.07 of the same Chapter of the New Insurance Code, formerly Article 4975, R.C.S., provides that, "If any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause." It also provides that such "surety companies shall be deemed resident of the counties wherever they may do business * * *." Subdivision 30 of Article 1995 provides that whenever there is a law authorizing or regulating any particular character of action wherein the venue is expressly prescribed, such a suit shall be commenced in the county to which jurisdiction may be so expressly given. It is our opinion that the foregoing provisions of the Articles cited gave the District Court of Smith County, Texas, where the guardian's bond had been filed, exclusive venue to the action filed against the defendant, United States Fidelity & Guaranty Company. The provisions of the said Articles have been so construed previously by the courts in the cases of Walker v. State, Tex.Civ.App., 251 S.W.2d 546, and Bachus v. Foster, 132 Tex. 183, 122 S.W.2d 1058.

 In the action against the surety, liability cannot be established against it unless and until bad faith by conversion, dissipation or misappropriation of funds belonging to the guardian's wards (appellants herein) could be established against the guardian. For that reason she is a necessary and an indispensable party to the ac-

tion against the surety and the action there alleged against them jointly and severally cannot be separated. Such action was so pleaded, in effect, by appellants against the guardian and the surety in the second count of their petition. The action there pleaded against the defendants in the second count of appellants' petition is not therefore severable as to the said defendants sued jointly and severally. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209; Camp v. Gourley, Tex. Civ.App., 201 S.W. 671, writ refused.

■ The first count of appellants' petition alleges the guardian was duly and legally appointed by the Probate Court of Smith County upon the execution of a valid bond given by the United States Fidelity & Guaranty Company; that the guardian thereafter converted to her own use and benefit funds in the sum of $4,400 belonging to appellants, for which reason they seek judgment against her individually, together with her then husband whom she married after she was appointed guardian. Nowhere do appellants there seek any relief against the bond or the surety. The surety's name is therein used only to show the execution of a valid guardianship bond. The record reveals that the appellants and the guardian, together with her husband, all resided in Dallas County and have so resided at all times pertinent to the filing of appellants' petition, to the filing of the guardian's answer and to all hearings had in the trial court. The guardian and her husband answered the action on its merits, did not seek a change of venue and there is nothing in the record to indicate that they were parties to the venue hearing. For all of these reasons the trial court of Dallas County had exclusive venue of the alleged action filed by appellants against the guardian individually and her husband in the first count of their petition and the trial court erred in transferring the cause of action alleged against the guardian only, together with her recent husband, to Smith County, Texas. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65. Whether the surety could be held liable or not, appellants had a right to seek relief against the guardian individually. They were entitled to seek judgment against her individually in her home county whether or not they ever sought judgment against the surety. Sacra v. Hudson, 59 Tex. 207.

For the reasons stated we affirm that part of the trial court's judgment transferring the alleged cause of action against the guardian and the surety jointly and severally as set out in the second count of appellants' petition but we reverse and render that part of the trial court's judgment transferring the alleged cause of action against the guardian alone, together with her husband, as set out in the first count of appellants' petition. The order of the trial court directing the Clerk of the trial court to make up a transcript for the transfer of the entire cause is here amended only by directing the said Clerk, with the assistance if desired of counsel for both parties in properly separating the two counts pleaded by appellants, to transfer to Smith County only the cause pleaded against the guardian and the surety jointly and severally and retaining for venue in Dallas County the cause pleaded only against the guardian, together with her husband. Affirmed in part and reversed and rendered in part.