**C. C. BOOTH, Appellant,**

v.

**H. D. SMITH, Appellee.**

**No. 10762.**

Court of Civil Appeals of Texas.

Austin.

May 25, 1960.

Rehearing Denied June 15, 1960.

C. O. McMillan, Stephenville, for appellant.

Cofer & Cofer, Douglass D. Hearne, Austin, for appellee.

GRAY, Justice.

Appellant, C. C. Booth, has appealed from an order overruling his plea of privilege to be sued in Erath County, the county of his residence.

Appellee, H. D. Smith, filed this suit in Travis County against appellant and Trinity Universal Insurance Company (later called Trinity) to recover for sums of money allegedly due him by appellant for loading and hauling materials used in the construction of Farm to Market roads in Throckmorton and Wichita counties.

Appellee alleged that appellant was the contractor for the construction of the said roads and that he entered into oral con-

tracts with appellant to load and haul materials for the construction of said roads; that appellant failed and refused to pay him the sums of money due for such loading and hauling; that he filed his claims with the State Highway Department; that appellant as principal and Trinity as surety filed release bonds under Art. 5472b–1, Vernon's Ann.Civ.St., and that the Highway Department released the money held by it and due to appellant as contractor on the above two jobs.

Trinity filed its answer and appellant filed his plea of privilege which was controverted. A nonjury trial was had and the plea of privilege was overruled.

Art. 5472b–1, Acts 1929, 41st Leg., 2nd C.S., p. 154, Ch. 78, as material here provides:

"Sec. 1. That whenever any claim or claims shall be filed attempting to fix a lien, secured or claimed by any instrument filed under the provisions of Chapter 17, of the General Laws of the State of Texas, passed by the Thirty-ninth Legislature in Regular Session, that the contractor or contractors against whom such claim or claims are made, may file a bond with the officials of the State, county, town, or municipality whose duty it is to pay the moneys, bonds or warrants to such contractor or contractors. * * * The filing of said bond and its approval by the proper official of the State, county, town or municipality, shall release and discharge all liens fixed or attempted to be fixed by the filing of said claim or claims, and the official or officials whose duty it is to pay the moneys, bonds or warrants shall pay or deliver the same to the contractor or contractors or their assigns."

Section 2 of the above article authorizes parties holding claims to file suit upon the bond at any time within six months after it is filed.

Except as here stated, we are not advised by this record where the bond sued on was filed. However Mr. Harvey D. Deen, Engineer of Aid Projects of the Texas Highway Department, testified:

"Q. All right, sir. Then, what action did Mr. Booth take in order to release this money to him?

"A. A bond was filed, a release bond.

\* \* \* \* \* \*

"Q. Now, this instrument that was filed by Mr. Booth has now been marked as Plaintiff's Exhibit No. 1; would you, please, very briefly tell the Court what that instrument is, Mr. Deen?

"A. It is the bond that was filed in accordance with Article 5472b–1 to release monies held by the State on account of the filing of a claim."

Like testimony was given as to the second claim. The two bonds were introduced in evidence and each recites:

"Now Therefore, in accordance with Acts 1929, 41st Legislature, 2nd Called Session, Page 154, Chapter 78, the condition of this obligation is such if the said principal shall pay the said claimants or their assigns the amount of said claim or such portion or portions thereof as may be proved to be a lien under the provisions of Chapter 17, General Laws of the State of Texas, passed by the Regular Session of the 39th Legislature and shall pay all Court costs adjudged against the principal in actions by the said claimants or their assigns then this obligation shall be void, otherwise to remain in full force and effect."

It is common knowledge that the State Highway Department is domiciled in Travis County.

The facts as we have related them are sufficient to show that the bond was filed in accordance with the statute which

required that the bond be filed with the Highway Department which is domiciled in Travis County. It therefore follows that the bond was filed there.

Art. 7.07, Texas Insurance Code, V.A. T.S., in part provides:

"If any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. * * * Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing of any business in any county shall be deemed an acceptance of the provisions of this subchapter."

Art. 7.07 supra fixes venue of the suit against Trinity in Travis County. Bachus v. Foster, 132 Tex. 183, 122 S.W.2d 1058, 1060. There the court considered Art. 4975, the predecessor of Art. 7.07, supra, and said:

"It is seen that the first clause of Article 4975 comprehends any suit on a bond of the character contemplated by Articles 4969 and 4970, and in express terms provides the place where, according to the provisions of Article 4970, such a suit 'shall be brought.' The mandatory character of this language, considered in connection with similar language contained in Subdivision 30 of Article 1995, leaves no room to doubt that the legislature meant to lay the venue of such a suit exclusively in the county in which such bond is filed, regardless of where, in this State, any of the obligors on the bond may reside. In the light of the context, it is not reasonable to infer that the legislature intended to authorize such a suit to be brought in any other county when it provided, as it did in Article 4975 that: 'Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business.' So

far as a suit on any bond comprehended by Articles 4969 and 4970 is concerned, the last quoted language means nothing more than that the residence of the surety company is fixed, for the purposes of such suit, in the county where the bond sued on is filed.

"As we have seen, the bond sued on is the official bond of Virge Foster, as sheriff of Eastland County. By Article 6866, this bond is required to be approved by the Commissioners Court of Eastland County, and by Article 6000 of the Statutes the same is required to be 'safely kept and recorded by the county clerk' of that county. It thus appears that said bond is required by law to be filed in Eastland County. By virtue of the statutes discussed above, the venue of the suit on said bond lies in Eastland county and nowhere else." See also Walker v. State, Tex.Civ.App., 251 S.W.2d 546.

■ Appellant, the general contractor, is a person whose interest is directly affected by the recovery sought in this suit he being the principal on the bond and is therefore a necessary party. Rule 31, Texas Rules of Civil Procedure. 34 Tex. Jur. p. 780, Sec. 35. F. C. Crane Co. v. Chas. C. Bellar Co., Tex.Civ.App., 135 S.W. 2d 167.

Appellant being a necessary party to the suit against Trinity then venue as to him may be maintained in Travis County. Exception 29a of Art. 1995, Vernon's Ann.Civ. St.

What we have said is sufficient to show that the trial court properly overruled appellant's plea of privilege. The statutes and authorities herein cited fix the venue of this cause in Travis County where the suit was filed and no useful purpose would be served by discussing authorities cited by the parties relating to other exceptions of the general venue statute.

The judgment of the trial court is affirmed.