**B. W. ILEY, Appellant,**

v.

**Melvin H. TAPICK et al., Appellees.**

**No. 4099.**

Court of Civil Appeals of Texas.

Waco.

May 16, 1963.

Rehearing Denied June 6, 1963.

Baker, Botts, Shepherd & Coates, Finis Cowan, Houston, Miller & Vollentine, R. L. Miller, Gonzales, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Newton Gresham, Charles D. Boston, Donald Peters, Houston, for appellees.

TIREY, Justice.

This is an appeal by defendant Iley from an order overruling his plea of privilege to be sued in Gonzales County, the county of his residence. Plaintiffs went to trial on their original petition to which was attached a copy of a lease agreement, marked Exhibit "A", between plaintiffs and defendant Iley covering certain real estate in Giddings, Lee County, Texas. Also attached to the petition was a bond marked Exhibit "B", executed by Iley and Indemnity Insurance Company of North America as surety. Pertinent to this discussion the lease agreement provided that Iley had the right to make improvements on the leased premises at his own expense, and that such improvements made shall become part of the leased premises, and shall not be removed by the lessee at the expiration of the lease, and that lessee bound himself to protect and indemnify the lessors against loss and expense for and on account of any claim or cost or other charge in connection with the improvements. The lease further provided that lessee is the owner of certain piping and equipment now located on the leased premises, and the lessee may remove such personal property belonging to lessee at any time during the existence of the lease, or any extension, and that lessee agreed that he would, without fail, remove his personal property from the premises at the expiration of the lease, and that prior to such removal he bound himself to furnish the lessors an indemnity bond and a fire and extended insurance policy in the sum of $50,000.00, naming lessors as assureds therein for the purpose of protecting lessors and lessors' building in the matter of such removal of the equipment. Defendant Iley exercised his right to remove the personal property, and pursuant to the lease agreement executed and delivered a penal bond payable to the plaintiffs in the sum of $50,000.00, in which the defendant Indemnity Insurance Company of North America signed as surety, which bond recited in part:

"The condition of this obligation is such that whereas the said Iley is the owner of certain piping and equipment now located in the premises of M. H. Tapick and Israel Tapick, located on lot Nos. one, two, three, four and five in block No. 25 in the northwest portion of the town of Giddings in Lee County, Texas, and is now about to remove such personal property from said building:

"Now, therefore, if the lessee shall repair all damage done to said building

in the removal of such personal property and equipment, then this obligation shall become null and void, otherwise to remain in full force and effect."

The bond was dated 10th day of September, 1959.

Plaintiffs alleged that defendant Iley in September 1959, acting through his agents and employees in attempting to remove the piping and other equipment from their building, that such agents and employees, while using an acetylene and oxygen cutting torch, negligently set fire to the building, and as a proximate result of such fire the building was substantially damaged and/or destroyed to the plaintiffs' damage in the sum of $100,000.00. Plaintiffs further alleged specifically the negligent acts complained of, and that defendant Iley and the bonding company each breached their contract and failed to perform the obligations therein required of each of them, and that by reason of such breach defendant Iley and the bonding company were jointly liable to plaintiff in the sum of $50,000.00, and that defendant Iley was further liable to the plaintiffs in the further sum of $50,000.00, on account of the loss sustained by them to their building, and they prayed for appropriate relief. Defendant Iley filed his plea of privilege and such plea was controverted by plaintiffs, and plaintiffs attached a copy of their original petition and exhibits to their controverting plea and averred that their suit is maintainable in Harris County under the provisions of Article 1995, Subdivisions 23 and 27, Vernon's Annotated Civil Statutes, as against the bonding company, and that it is maintainable against defendant Iley because he is the principal obligor on the bond and primarily liable on the bond, and is a necessary party to the suit against the surety, Indemnity Insurance Company, and that this brings the defendant Iley within the meaning of Subdivision 29a of Article 1995 aforesaid. Pertinent to this discussion the parties stipulated: That the surety company is a foreign corporation entitled to do business and doing business in the State of Texas, and that it maintained an agency in Harris County, Texas at all times material to this suit, and that it maintained a representative in Harris County at all times material to the suit; that plaintiffs continuously resided in Harris County, Texas at all times material to the suit; that on September 15th, 1957, defendant Iley and plaintiffs executed a lease agreement referred to in plaintiffs' original petition, and that Exhibit "A" attached to plaintiffs' original petition is a true and correct copy of such agreement; that Iley took possession of the premises in 1957, and continued to occupy such premises until September 1959, and at the time of the execution of the lease Iley was the owner of certain piping and equipment located on the premises; that Iley, as principal, and the bonding company through its Attorney-in-Fact as surety, executed the bond referred to in plaintiffs' petition as Exhibit "B" and attached to plaintiffs' original petition as a true and correct copy of the bond; that such bond was delivered to and accepted by plaintiffs shortly after its execution; that defendant Iley was not and is not actually notoriously insolvent.

"Subject to any objection as to relevancy, it is stipulated that the plaintiffs Melvin H. Tapick and Israel Tapick had in effect on September 17, 1959, covering the premises described in plaintiff's petition the following fire insurance policies, to-wit:

| Policy No. | Insurance Company | Amt. of Insurance |
|---|---|---|
| S64–99–74 | Aetna Ins. Co., | $15,000.00 |
| Z303796 | Northern Ins. Co., | 15,000.00 |
| 72–02–42 | Pacific Nat'l Fire Ins. Co., | 5,000.00 |
| OC–202150 | Transcontinental Ins. Co., | 15,000.00 |

"Subject to objection as to replevancy, it is further stipulated that on May 2nd, 1960, the plaintiffs and their aforesaid insurance companies executed a settlement agreement and assignment, true and correct copies of which are hereto attached marked Exhibit 'A'.

"The foregoing stipulations are agreed upon by and on behalf of plaintiffs and defendant B. W. Iley, by and through their respective attorneys of record, for the purpose only of disposing of the plea of privilege pending herein and the plaintiff's controverting affidavit thereto, and none of the stipulations of fact here made shall be admissible by any party hereto on the trial of this cause on its merits nor be construed as an admission or stipulation except for the purpose of hearing and disposing of such plea of privilege and controverting affidavit."

The judgment is assailed on three points. They are:

"1. The bond executed by the defendants below to the appellees was given in compliance with the terms of the written lease contract between appellant and appellees under which appellant occupied the premises damaged by fire; and such bond when construed in connection with the lease contract under which such bond was required, clearly shows an intent on the part of the contracting parties to exclude the risks of fire from the obligation of the bond, and hence the appellees have shown no liability under such bond on the part of the defendant surety company and no grounds of venue in Harris County.

"2. If the bond is construed to protect appellees against negligence on part of the appellant Iley, the rec-

ord presents no evidence of negligence on the part of the said Iley or his employees and no evidence that any alleged negligence was the proximate cause of the fire described.in plaintiffs' petition.

"3. The uncontroverted evidence showed that appellees have no cause of action whatsoever against appellant or the defendant Surety Company, but that if appellees ever had any cause of action under the surety bond, appellees have assigned to various insurance companies who are not parties to this suit their entire cause of action."

We overrule each of the foregoing points for reasons hereinafter stated. First of all, plaintiffs filed their suit in Harris County against defendant Iley as principal, and defendant bonding company, as surety, and alleged that they were jointly liable on such bond, and that defendant insurance company maintained an agent and representative in Harris County at all times material to the suit. The obligation of Iley and the bonding company is conditioned simply as follows:

"Now, therefore, if the lessee shall repair all damage done to said building in the removal of such personal property and equipment, then this obligation shall become null and void, otherwise to remain in full force and effect."

The evidence amply shows that the building was excessively damaged during the removal of the equipment, and that nothing had been done by the indemnitors to repair the damages, and no point of appeal is raised as to whether appellant's removal operation caused the damage. In fact, the evidence is ample to sustain the Court's view that the damage was caused by defendant Iley and his agents. Certainly no interpretation or construction is necessary

to understand the meaning of the bond. It obligates the indemnitors to pay $50,000.00 to appellees if all damage done to the building in the removal of appellant's personal property is not repaired. Appellant contends that the bond is to be construed in connection with the lease contract entered into between Iley and the plaintiffs, but there is no basis for such contention, and none exists. They are separate contracts, and the bond does not incorporate the lease by reference, nor does the lease purport to express the terms of the bond. Appellant asked the Court, in effect, to disregard what the bond says and construe it to comport with his construction of the lease. We are not in accord with this view. On the contrary we think that the lease does not show any intent to exclude the risk of fire from the obligation of the bond. The lease requires that Iley, prior to such removal of such personal property, furnish to the lessors an indemnity bond, and a fire and extended coverage insurance policy in the sum of $50,000.00 to protect plaintiffs as a result of the removal operation. We think that if there is any question as to what the lease means with respect to the bond it was determined by the parties themselves by the execution of the bond. In fact, appellant testified to the effect that the agreement of the parties with respect to the bond is expressed in the bond itself apart from any other instrument. Contrary to appellant's contention, the bond does not limit the indemnity obligation to any particular type of risk, but simply all damages must be repaired or an obligation will be due. Moreover, we think the bond is a complete and separate instrument, written at a date after the execution of the lease, and is enforceable as written in the absence of ambiguity, fraud or mutual mistake. See 13 Tex. Jur.2d Contracts, Sec. 123. The parties had the right to agree upon any bond they wanted which was lawful, and the bond they agree upon protects appellees against "all damage." Appellant Iley contends in

effect that appellees must look to the fire insurance policies mentioned in the lease for the protection against fire loss, and not the bond, notwithstanding the fact that defendant failed to obtain the fire insurance policies for appellees. This contention is overruled. For Rule of construction see Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775. Accordingly, point one is overruled.

It is obvious that plaintiffs' cause of action against the defendant insurance company, as surety on the bond, is not based on negligence, and accordingly appellant's point two is overruled. The evidence is ample (for venue purposes) to support the trial court's implied finding that appellees have made no assignment of all their rights under the bond in question, and by reason thereof appellant's third point is overruled. Under the record here made, the indemnitors are liable on the bond in the amount specified and according to its terms. The sum of $50,000.00 is the obligation due because of the principal's failure to repair all damages done to the building in the removal of his property, and there is no proof that appellees have assigned all of their cause of action for such accrued obligation. Since appellees established for venue purposes that they have a cause of action against the Insurance Company of North America as surety on the bond, and since the surety maintained an agency and representative in Harris County at all material times, and since appellees reside in Harris County, and that Iley is the principal on the bond, making him a necessary party to the suit against the surety, it is clear to us that under Rule 31, Texas Rules of Civil Procedure, the venue of this cause is properly laid in Harris County, Texas. See Booth v. Smith, Tex.Civ.App., 336 S.W.2d 278, point 2, n. w. h.

Accordingly, the judgment of the Trial Court is affirmed.