**T. C. SANDS, Sr., et ux., Appellants,**

**v.**

**CITY OF DALLAS, Appellee.**

**No. 175.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 2, 1965.

Rehearing Denied Jan. 27, 1966.

Ralph M. Hall, Rockwall, J. Alex Blakeley, Dallas, for appellants.

N. Alex Bickley, City Atty., Lee E. Holt, Asst. City Atty., Dallas, for appellee.

SELLERS, Justice.

This is an appeal from an order overruling the Plea of Privilege of the appellants.

From the Brief of appellee we take the following statement of the case:

"On June 24, 1964, the City of Dallas filed with the Judge of the County Court of Dallas County at Law No. 2 a Statement in Condemnation describing 301.77 acres of land lying partly in Rockwall County and partly in Dallas County, Texas, to be acquired by the City of Dallas for the construction of the Forney Reservoir. The land was described in four tracts, but embraces a contiguous

area forming, in effect, one body of land. This is shown in Plaintiff's Exhibits 1 and 12 which are before the Court as original exhibits. The statement in Condemnation named as Defendants T. C. Sands, Sr., and wife; T. C. Sands, Jr., and wife; First Federal Savings and Loan Association of Dallas, lienholder; and Grand Avenue Bank and Trust Company of Dallas, lienholder. The interest of the latter Defendant is not material to this appeal and will not be noticed further herein. All of the named Defendants are residents of Dallas County, Texas. Defendant First Federal Savings and Loan Association of Dallas owns two notes and two deed of trust mortgage liens covering 290.196 acres of the subject land, which liens extend over the portions of the land lying in both Dallas and Rockwall Counties. These notes and deeds of trust were executed by Appelland T. C. Sands, Sr., in 1961 when he owned all of the land in question. The said indebtedness is unsatisfied and remains an unpaid obligation of T. C. Sands, Sr. The condemnation proceedings will take all of the land in Rockwall and Dallas Counties covered by the mortgage liens. Defendant First Federal Savings and Loan Association filed an answer praying that the damages awarded for the lands described in the Plaintiff's Statement in Condemnation be fixed at a value high enough to cover the notes and mortgages and that a sufficient portion of the award be set aside to First Federal for that purpose. On May 4, 1964, and prior to the filing of the condemnation proceeding, the Dallas City Council passed a resolution authorizing the representatives of the City of Dallas to make an official offer to T. C. Sands, Sr., and wife, for all of the lands in question. Two days later, May 6, 1964, T. C. Sands, Sr., executed two deeds which conveyed portions of the land in question to his son, T. C. Sands, Jr. (Plaintiff's Exhibit Nos. 3 and 4, before this Court as original exhibits). The conveyances make no reference to the out-

standing mortgage liens, and each contains the usual covenant of general warranty. Appellants contend that these conveyances divested T. C. Sands, Sr., of all of the subject land owned by him in Dallas County.

"The Commissioners' Hearing was regularly held and attended by Appellant T. C. Sands, Sr., and his attorney, on July 27, 1964, and the Special Commissioners made a lump sum award to all of the named Defendants jointly for all of the named Defendants jointly for all of the land described in the Statement in Condemnation.

"Defendants T. C. Sands, Jr., and Wife, and First Federal Savings and Loan Association of Dallas duly filed their objections to the award, and Appellants T. C. Sands, Sr., and wife separately filed their objections to the award subject to a Plea of Privilege to be sued in Rockwall County, and a Plea to the Jurisdiction of the Court filed on the same date. Appellee duly filed a sworn Controverting Plea. This appeal is from the Judgment of the trial court overruling the Appellants' Plea of Privilege."

At the outset there are two contentions presented by this appeal. The first is that, since the lands of T. C. Sands, Sr., lie wholly in Rockwall County, the venue to condemn the land is in the county court of Rockwall County, Texas, where the land lies. The second contention is that, since all of the defendants reside in Dallas County, Texas, where a part of the land sought to be condemned lies, and since the lien mortgage owned by the defendant, First Federal Savings and Loan Association of Dallas County covers all of the land lying in both counties, said mortgagee is a necessary party to the proceedings and venue is placed in Dallas County under Article 1995, Sec. 29a, Vernon's Ann.Revised Civil Statutes of·Texas.

We wish to take up the first question. T. C. Sands, Sr., at the time the mortgage involved here was given, owned all of the

land sought to be condemned, lying both in Rockwall and Dallas Counties, and all of the land being out of the Harrison Blevins Survey. On May 6, 1964, T. C. Sands, Sr., conveyed to T. C. Sands, Jr., two tracts of land by two separate deeds, one deed calls for 4.2 acres more or less situated in Dallas and Rockwall Counties. The other deed calls for 9.29 acres lying in Dallas and Rockwall Counties. The question here presented, Did these two deeds convey to T. C. Sands, Jr., all of the land in the survey belonging to T. C. Sands, Sr., so as to leave T. C. Sands, Sr., owning lands wholly located in Rockwall County?

The City of Dallas, on the trial of the Plea of Privilege, offered an engineer who platted the field notes contained in the deed to the 9.29 acres of land; and as platted by the engineer, no part of the 9.29 acres is in Rockwall County and as platted leaves T. C. Sands, Sr., with a strip of land lying between Rockwall and Dallas County line, and the 9.29 acre strip, all of which is in Dallas County. The engineer who platted the 9.29 acre strip in his testimony admits that in his plat he had to disregard the call in the deed to the 9.29 acre tract, same being as follows:

"Thence South 1,272.7 feet running East of and parallel with the Dallas-Rockwall County line."

For the reason that the call immediately preceding the above was for 900 feet only and such call did not reach the Dallas-Rockwall County line, and for this reason he ran the call set out above west of the Dallas-Rockwall County line, thus leaving a strip of land between the 9.29-acre strip and the Dallas County line belonging to T. C. Sands, Sr. The effect of this testimony was to leave T. C. Sands, Sr., owning land in both Dallas and Rockwall Counties.

To meet this evidence, the appellants introduced a correction deed executed by T. C. Sands, Sr., to T. C. Sands, Jr., on the 21st day of January, 1965. This conveyance provides as follows:

"That I, T. C. Sands, Sr., not joined herein by my wife for the reason that the property herein conveyed constitutes no part of our homestead, of the County of Dallas, State of Texas, for and in consideration of the sum of TEN ($10.00) DOLLARS and other valuable consideration to me in hand paid by the Grantee hereinafter named, the receipt of which is hereby acknowledged, transferred, sold and conveyed on the 6th day of May, 1964, and do hereby sell, transfer and convey the hereinafter described property situated in Dallas County, Texas to T. C. Sands, Jr., of Dallas County, Texas. This conveyance is made for the purpose of eliminating any uncertainty as to the intention of the parties hereto and to delineate with certainty that by this conveyance, as well as the conveyance of May 6, 1964, all of Grantor's property contiguous to the Harrison Blevins Survey located and situated in Dallas County, Texas was intended by said conveyance of May 6, 1964 to be conveyed unto the said T. C. Sands, Jr., and said property is hereby conveyed unto the said T. C. Sands, Jr., effective the 6th day of May, 1964. If the description of said property so conveyed on the said 6th day of May, 1964, and as herein conveyed to the said T. C. Sands, Jr., does not encompass each and every tract and parcel of land contiguous to said Survey belonging to T. C. Sands, Sr., on the 6th day of May, 1964 and located and situated in Dallas County, Texas, said description is hereby amended to effectively convey unto Grantee all of Grantor's property contiguous to said Survey West of the Dallas County-Rockwall County line, all of said property situated in the County of Dallas, State of Texas, * * *."

■ In view of the evidence of the Dallas County engineer, we are of the opinion that T. C. Sands, Sr., and T. C. Sands, Jr.,

both of whom are parties to this suit, agree in a Correction Deed that the true boundary of their property was the Dallas-Rockwall County line and such deed reverts back to the deed of May 6, 1964. Polk v. Carey, Tex.Civ.App., 247 S.W. 568. This being true in the absence of someone claiming as an innocent purchaser, and we have none in this case. From the foregoing we find from the deeds of T. C. Sands, Sr., and T. C. Sands, Jr., that all of T. C. Sands, Sr.'s land lies in Rockwall County and did at the time appellee filed its suit in the County Court of Dallas County.

In view of the foregoing, we are of the opinion that Article 3264, Revised Civil Statutes of Texas, is a venue statute and controls the venue in this case by directing that suits to condemn land of an owner lying wholly in one county shall be brought in the county where the land lies. This statute was given this interpretation in the case of Duncan v. Denton County, Tex. Civ.App., 133 S.W.2d 197. The only difference is that the land through which the county sought to condemn a strip lay in both Dallas and Denton Counties and the owner lived in Dallas County on the same tract of land and he filed his Plea of Privilege to be sued in the county of his residence where a part of the land was located. A controverting Plea of Privilege was filed by Denton County in which it was made known that while the tract of land lay in both Dallas County and Denton County, the strip of land sought to be condemned lay wholly in Denton County. The court held this fact controlling.

The appellee contends that Article 1995, Sec. 29a, controls venue in this case. This view is based upon the fact that all the land in both counties sought to be condemned is covered by the same mortgage and the mortgagee is a necessary party to the condemnation proceedings; and since its residence is in Dallas County and it is a party to the suit, venue is properly laid in Dallas County.

With this contention we do not agree. Subdivision 30 of Article 1995 provides:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 3264, Revised Civil Statutes, covering condemnation suits is clearly such a law and will control the venue in such cases rather than the provisions of Article 1995.

The appellee makes a further contention that the mortgagee is an owner of the land sought to be condemned or has such an interest that its presence in the suit will control the venue under the terms of the condemnation statute. We overruled this contention for the reason that the term owner of the land sought to be condemned did not include a mortgagee. Had the legislature so intended, it could have easily said so. The rights of a lienholder has been defined by the Commission of Appeals of this state as having no right to possession. Carroll v. Edmondson, Tex. Com.App., 41 S.W.2d 64. This holding was followed by the Waco Court of Civil Appeals in the case of Langston v. State of Texas, 315 S.W.2d 90. The appellee is seeking to condemn fee simple title to the land from its owner. The answer of the mortgagee shows it has only one interest in the proceedings and that is to have enough of the proceeds of the land to take care of its debt. The owners have a much greater interest in that they are interested in the land bringing its fair market value.

Our construction of this condemnation statute will control as to all necessary parties to the suit and this will certainly include the mortgagee.

The judgment of the court overruling the Plea of Privilege is reversed and the cause ordered transferred to the County Court of Rockwall County insofar as it relates to the land of T. C. Sands, Sr.