J. C. COLVIN, d/b/a Colvin Car Co.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 16921.

Court of Civil Appeals of Texas.

Dallas.

June 9, 1967.

Buck C. Miller, Houston, for appellant.

John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

BATEMAN, Justice.

This is a proceeding to forfeit an automobile pursuant to Vernon's Ann.Tex. Penal Code, Art. 725d. In the State's pleading, designated Notice of Seizure and Intended Forfeiture, it was alleged that the automobile was owned by James Duncan, was being used by Rex Eugene Parson to facilitate the receipt, possession, concealment and transportation of contraband narcotics, and that Colvin Car Company, of Houston, Texas, was "a purported lien holder of said vehicle." The appellant J. C. Colvin, doing business as Colvin Car Company, filed a plea of privilege to be sued in Harris County and, subject thereto, a verified answer setting forth in detail that he held a bona fide lien on the vehicle and had no knowledge that it was to be used in violation of Art. 725d of the Penal Code, and in fact denied that it was being so used. The State filed a motion for summary judgment, which was sustained, and judgment was rendered forfeiting the automobile to The State of Texas "free and clear of any lien," and ordering it sold and the proceeds of sale, after payment of costs, to be "disposed of in accordance with the provisions of Art. 725-d V.A.T.P.C." Colvin appeals on six points of error.

By his first, fifth and sixth points of error on appeal, the appellant contends that the appellee did not discharge the burden resting upon it to show the absence of a genuine issue as to any material fact pertaining to appellant's asserted lien and that appellee was entitled to judgment as a matter of law. Appellee made no showing whatever in connection with its motion for summary judgment concerning appellant's alleged lien. It therefore failed to demonstrate that it was entitled as a matter of law to the judgment forfeiting the automobile free and clear of such lien. This was part of the burden it assumed by filing the motion for summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965). Therefore, the summary judgment was unauthorized and appellant's first, fifth and sixth points of error are sustained.

By his second point of error the appellant complains of the summary judgment because there was a genuine issue as to a material fact; i. e., whether or not the vehicle was illegally used to transport, conceal and possess certain narcotic drugs immediately before and at the time of its seizure. The record contains no reference to any depositions, request for admissions or other discovery process, and no affidavits are attached to the motion for summary judgment.

Section 6, of Article 725d, Penal Code, provides that if it shall appear that the owner of the vehicle has filed a verified answer denying its use in violation of the Act, the burden shall rest upon the State to prove the violation of the Act "as in other penal cases"; provided, however, that in the event no answer has been filed by the owner, the notice of seizure may be introduced into evidence and shall be prima facie evidence of said violation. The own-

er, James Duncan, was cited by publication, and an unverified general denial was filed for him by the attorney appointed by the court to represent him. The record does not reflect whether the trial court considered the Notice of Seizure and Intended Forfeiture as evidence of the violation, but for the purpose of passing on this point we shall assume it did so. We find no cases directly on the point and are cited to none, but are of the opinion that the answer filed on behalf of the owner and the answer of appellant, duly verified in the form required by subdivision (e) of Rule 166–A, Texas Rules of Civil Procedure, were sufficient to put appellee on proof of such alleged illegal use of the vehicle. Accordingly, appellant's second point of error is sustained.

In his third and fourth points of error the appellant complains of the summary judgment against him in the light of his plea of privilege timely filed and which was never controverted by appellee. Appellant relies on such cases as Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (1936); Bell v. Jasper Lumber Corp., 287 S.W.2d 746 (Tex.Civ.App., Beaumont 1956, writ dism'd); Security State Bank of McCamey v. General Lloyd's Fire & Cas. Ins. Co., 256 S.W.2d 185 (Tex.Civ.App., El Paso 1953, no writ); Papas v. Harmon, 263 S.W.2d 269 (Tex.Civ.App., Fort Worth 1953, no writ); and Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941), holding generally that when a defendant files a plea of privilege in proper form and no controverting affidavit is timely filed, the court is without jurisdiction to enter any order or take any action except to transfer the case to the proper court of the county of the defendant's residence, and that venue cannot be retained in the county of suit under a statutory exception not invoked by the controverting affidavit or upon a venue fact not alleged as such therein. However, none of those cases was filed pursuant to a special statute, such as we have here, specifying the court in which the suit "shall" be filed.

Section 4 of Art. 725d, Penal Code, provides in part: "The seizing officer *shall* immediately file in the name of the State of Texas with the Clerk of the District Court *of the county in which the seizure is made* a notice of said seizure and intended forfeiture." (Italics ours.) It is noted that jurisdiction is not made to depend upon the value of the matter in controversy; also that the statute requires that "any lien holder of record" be made a party, and gives him the right to prove his lien, regardless of the amount thereof, and also provides, in Sections 7 and 8, for the enforcement of same.

In our opinion this statute gives exclusive jurisdiction to the district court of the county in which seizure is made, and a plea of privilege does not lie. Since the cause of action and remedy for its enforcement did not originate in the common law, but are creatures of the statute, it was within the power of the Legislature to designate a particular court as the exclusive tribunal to hear and determine such a suit. The district court of the county in which the seizure was made has been so designated and is, therefore, the only tribunal where the matter may be litigated. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372 (1933); Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926); Fielder v. Parker, 119 S.W.2d 1089 (Tex.Civ.App., Eastland 1938, no writ); Cowan v. State, 356 S.W.2d 170, 177 (Tex.Civ.App., Austin 1962, writ dism'd); Calverley v. Shank, 28 Tex.Civ.App. 473, 67 S.W. 434 (Fort Worth 1902, no writ); Adamson v. Connally, 112 S.W.2d 287 (Tex.Civ.App., Eastland 1937, no writ); Bachus v. Foster, 132 Tex. 183, 122 S.W.2d 1058 (1939); Gulf, C. & S. F. Ry. Co. v. Lemons, 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943 (1918); Cunningham v. Robison, Commissioner, 104 Tex. 227, 136 S.W. 441 (1911); Wilbarger County v. Hall, 55 Tex. 797 (Tex. Comm'n App.1932, jdgmt adopted); Byer v. Dallas Power & Light Co., 290 S.W.2d 948 (Tex.Civ.App., Dallas 1956, no writ); Sands v. City of Dallas, 398 S.W.2d 428

(Tex.Civ.App., Tyler 1965, writ dism'd); State v. Fairbanks-Morse & Co., 223 S.W. 2d 339 (Tex.Civ.App., El Paso 1949, no writ); Schwantz v. Texas Department of Public Safety, 415 S.W.2d 12, Tex.Civ.App., Waco, April 27, 1967. Accordingly, appellant's third and fourth points of error are overruled.

The judgment appealed from is reversed and the cause remanded for a new trial.

Reversed and remanded.