**Judge GAMBILL et al., Appellants,**

**v.**

**TOWN OF PONDER, Texas, Appellee.**

**No. B–3903.**

Supreme Court of Texas.

May 16, 1973.

Rehearing Denied June 20, 1973.

Judge Gambill, Fort Worth, for appellants.

Shirley W. Peters, Denton, for appellee.

GREENHILL, Chief Justice.

This case comes to us by certified question from the court of civil appeals sitting at Fort Worth.

The facts are set out in the certified question:

"The Texas Water Quality Board granted a permit to the Town of Ponder to discharge waste 'into an unnamed tributary of Denton Creek adjacent to plant site in Denton County, Texas; thence into Grapevine Reservoir in the Trinity River Basin.'

"Plaintiffs, owners of lands through which the waters of such 'unnamed tributary' flow at a point below where the permit authorized waste discharge, were parties affected by the order of the Texas Water Quality Board. Pursuant to authorization by Texas Water Code in Section 21.451 they filed suit in Tarrant County, where one or more of them resided, to vacate the order by which the

discharge of wastes by the Town of Ponder had been authorized. The Town of Ponder was joined as defendant in the suit.

"The Town of Ponder filed its Plea of Privilege to have the case, insofar as the suit pertained against it, transferred to its county of residence, Denton County. A controverting affidavit was filed, and facts were stipulated. The trial court sustained the Plea of Privilege of the Town of Ponder and ordered the case, as it pertained to it, transferred to Denton County." [1]

█ The question certified is:

"Where pursuant to the provisions of Section 21.451, Texas Water Code, plaintiffs have brought their suit in Tarrant County as that of their residence and there fixed the venue for litigation of the case to vacate the permit and license granted by the Water Quality Board to the Town of Ponder, is the permittee or licensee town prohibited from transfer of the venue of the case?"

Article 21.451(a) of the Texas Water Code [2] provides that

"A person affected by any ruling, order, decision or other act of the [Water Quality] board may appeal by filing a petition in a district court of Travis County or in a district court of the county of his residence."

Our opinion is that the Legislature intended for the particular provisions of Article 21.451(a) to control over the general venue statute, Article 1995, Vernon's Ann. Civ.St. The answer to the certified question is, therefore, yes: the permittee may not remove the case from the county in which the case is properly brought under Article 21.451(a).

In addition to the general venue statute, Article 1995, there are many statutes particularly describing the place a case should be tried. We are especially concerned with the particular statutes dealing with appeals from decisions or orders of administrative bodies. A listing of a few of these and their particular wording will be helpful in putting the particular statute in question in context. It will be noted that some specify that cases may be brought *only* in particular counties; others do not.

Article 249a § 11 dealing with appeals from revocation of architects' licenses reads: "The action of the Board in revoking and cancelling such registration certificate may be appealed to a District Court in the County of residence of the aggrieved party." Article 320a–1 § 6 provides that *"no* disbarment *proceeding* shall be instituted . . . *except in the district court located in the county of the attorney's residence."* Article 6573a § 21(a) says that any real estate broker "who is aggrieved by any decision of the Commission may file . . . in the District Court of the county in which he resides, or . . . where his principal place of business is situated, a petition against the Commission. . . ."

Appeals from rulings of the Railroad Commission specify the place of suit with particularity. The Common Purchaser Act provides that when any person is discriminated against, "a cause of action . . . shall lie against said common purchaser, and said person . . . may bring a suit for same in any court of competent jurisdiction in the county in which the damage occurred." Art. 6049a § 11c.

Appeals of decisions in motor bus and motor carrier cases are provided in Articles 911a § 17 and 911b § 20: "If any . . . party at interest be dissatisfied with any decision . . . adopted by the

---

1. The State filed no plea of privilege to move the case.

2. Also codified as V.T.C.A. Water Code § 21.451(a). All statutory references are to Vernon's Texas Civil Statutes Annotated. Emphasis throughout is ours.

Commission, such dissatisfied person . . . may file a petition . . . in the district court in Travis County."

Appeals from the Labor Commission [Article 5221a–6 § 16] and the Texas Employment Commission [Article 5221b–4(i)] follow the same pattern; i. e., the person aggrieved may appeal by filing suit in a particular county or counties.

General eminent domain cases are dealt with in Article 3264: " . . . the party desiring to condemn the property . . . shall file a statement in writing with the county judge in which the land or a part thereof is situated." And suits involving vacant and unsurveyed school land provide for appeals as follows: "Any person . . . aggrieved by any action taken by the Commissioner . . . may institute suit in the District Court of the county where any part of the land is situated, *but not elsewhere*. . . ." Art. 5421c § 6(j).

There are many others [see 8 Baylor Law Review 385], but these illustrate that the Legislature has (1) deliberately fixed jurisdiction, or (2) has provided for controlling venue provisions in others. In some situations, the special venue provisions are merely permissive. Langdeau v. Burke Investment Company, 163 Tex. 526, 358 S.W.2d 553 (1962).

Some of the earlier statutes are of such mandatory character as to be jurisdictional. Thus in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926), this court held that suits to collect workmen's compensation could only be brought, as a matter of jurisdiction, in the county where the injury occurred: " . . . in special proceedings not within the common-law jurisdiction, the court's statutory designation of

venue is mandatory and jurisdictional." 285 S.W. at 1088.

In Alpha Petroleum Company v. Terrell, 122 Tex. 257, 59 S.W.2d 364 (1933), the statute provided that one who was dissatisfied with a ruling of the Railroad Commission "shall have the right to file a suit . . . in Travis County, *and not elsewhere*." Following Mingus v. Wadley, this Court held that the location of the suit was jurisdictional, and not a mere question of venue. See also Bachus v. Foster, 132 Tex. 183, 122 S.W.2d 1058 (1939).

If the statutory provision for place of trial is *jurisdictional,* this Court has said that if the suit is filed elsewhere, that court is completely without power to hear the case, even by agreement of the parties. Justice Critz wrote that such court would be without power even to transfer the case to a proper court. Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598 at 600 (1943). That matter is not before us and we express no opinion as to that statement; but it does emphasize the scope of a *jurisdictional* provision as to place of trial.

After Mingus v. Wadley, supra, the workmen's compensation statute was amended as to the place of suit. This Court construed the amended statute to mean that the particular statute was meant to be absolutely controlling over the general venue statute, Article 1995; but it was no longer jurisdictional in the sense that if all the parties *agreed* to try the case in some county other than where the injury occurred, the district court agreed upon would have jurisdiction to try the case. Federal Underwriters Exchange v. Pugh, supra. And see Texas Employment Commission v. International Union of Electrical R. & M. Wkrs., 163 Tex. 135, 352 S.W.2d 252 (1962).[3]

3. This was a suit in Smith County by 88 laborers for unemployment compensation allegedly due during a GE plant shutdown in Tyler, Smith County. The Commission had denied benefits. The appellate review statute provided that " . . . any party aggrieved . . . may secure judicial review . . . by commencing an action . . . in the county of the claimant's residence. . . ." Twelve of the 88 plaintiffs did not live in Smith County, and a "plea to the jurisdiction" was filed

Justice Alexander thus wrote in Traders & General Ins. Co. v. Curby, 103 S.W.2d 398 (Tex.Civ.App.1937, no writ), a workmen's compensation case, that ". . . the venue in such cases is *controlled by the act itself* and not by the provisions of Revised Statutes, art. 1995, and the many exceptions thereto." 103 S.W.2d at 399.

In Harrington v. State of Texas, 363 S.W.2d 321 (Tex.Civ.App.1963, writ ref., n. r. e.), the suit was one to recover penalties due to the State for alleged violations of rules of the Railroad Commission. The statute, Art. 6036, provided in part that the violator would be subject to penalties "to be recovered in any Court of competent jurisdiction in Travis County, or in the county of the residence of the defendant. . . ." The State brought the suit in Travis County. The defendant filed a plea of privilege to be sued in his home county, alleging that none of the exceptions to the general statute, Article 1995, were present. The holding was that the particular statute was controlling, and that venue was determinable solely from the allegations of the State's petition. There was a dissent in the case which gave this Court jurisdiction. We agreed with the result reached by the court of civil appeals by refusing the application with the notation, "no reversible error."

The question of necessary or proper parties under a particular venue statute was determined in Cole v. Western Brick & Supply Co., 364 S.W.2d 761 (Tex.Civ.App. 1963, writ dism.). The suit was to recover for labor and material furnished. Article 5160(G) prescribed: "All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction *in the county* in which *the project or*

*work . . . is situated."* Speaking through Chief Justice Denton, the court held:

"Appellant's contentions that there is no evidence or there is insufficient evidence that appellant was a necessary or proper party or that proper notice had been given as required by Article 5160 are defenses to the alleged cause of action, and are to be considered when the case is heard on its merits. We are of the opinion, and so hold, that in a suit under the provisions of Article 5160, V. A.T.S. venue is controlled by the provisions of Article 5160 itself and not by the provisions or exceptions of Article 1995." 364 S.W.2d at 762.

So we return to the statute before us, Article 21.451(a): "A person affected by any ruling . . . of the [Water Quality] board may appeal by filing a petition in the district court of Travis County or in the district court of the county of his residence." It is stipulated that the plaintiffs, who alleged that they were affected, resided in Tarrant County, the place where the suit was filed. We believe that it was the intention of the Legislature that this particular statute controls over the general provisions of Article 1995, and that under this special provision, it is the legislative intent that the suit involving the board, the board's permittee, and the person affected by the granting of the permit should be tried in Tarrant County. This being so, we do not reach the question of indispensable or necessary parties under Article 1995.

Accordingly, it was error for the trial court to sustain the plea of privilege of the Town of Ponder, the Board's permittee; and the certified question is so answered.

as to them. This Court held that such plea was *correctly sustained:* "These [statutory provisions as to place of suit] . . . are exclusive. . . . Those availing themselves of the statutory remedy are not free to select a forum not authorized by the statute creating the remedy." Mingus v. Wadley and Alpha Petroleum Co. v. Terrell are cited.

The Court did not have the strict question of jurisdiction before it, as for example, whether if the case had gone to judgment as to the 12 plaintiffs, the judgment would have been void. The matter *was* called to the attention of the trial judge who correctly ruled that the particular statute as to place of suit was controlling.