Judge GAMBILL, Individually and as Adm. of Estate of Nora Gann Gambill, Dec., et al., Appellants,

v.

TOWN OF PONDER, Texas, Appellee.

No. 17392.

Court of Civil Appeals of Texas, Fort Worth.

July 6, 1973.

Judge Gambill, Fort Worth, for appellants.

Shirley W. Peters, Denton, for appellee.

## OPINION

PER CURIAM.

May 16, 1973, the Texas Supreme Court rendered its opinion in answer to certified question presented that court in the above styled cause. See The Texas Supreme Court Journal, Vol. 16, p. 338.

The holding of the court may be effectively stated as follows: Where pursuant to the provisions of Section 21.451, Texas Water Code, V.T.C.A., plaintiffs have brought their suit in Tarrant County as that of their residence and there fixed the venue for litigation of the case to vacate the permit and license granted by the Water Quality Board to the Town of Ponder, the permittee or licensee, Town of Ponder, a party defendant by plaintiffs' suit, is prohibited from transfer of the venue of the case. By the foregoing there is slight paraphrase of the language used by the Supreme Court without alteration of its answer to the certified question.

In this instance we are not concerned with effect, if any, of a purported order of transfer pursuant to a Plea of Privilege from which no appeal was perfected. Here the case is one where there was an appeal perfected from the purported order of transfer of venue of the case as against the defendant Town of Ponder. By the Supreme Court's answer to the question

certified the law declared is that such defendant is prohibited from obtaining such transfer of venue. It follows that the order of the trial court purporting to direct such a transfer is void.

There having been an appeal from the order sustaining the Plea of Privilege of the Town of Ponder our judgment is one of reversal, with venue retained in the county of suit.