Nate **RHODES**, Appellant,

v.

**CITY OF AUSTIN**, Appellee.

No. 1264.

Court of Civil Appeals of Texas, Tyler.

July 12, 1979.

Rehearing Denied Aug. 2, 1979.

Nate Rhodes, pro se.

Jerry L. Harris, City Atty., Ernest A. Simon, Asst. City Atty., Austin, for appellee.

McKAY, Justice.

This is an appeal from a summary judgment rendered in the trial court against appellant. The appellee City sued Nate Rhodes and David P. Bell, both individually and both doing business under the assumed name of Pleasuretime Beverages, for delinquent personal property ad valorem taxes, Rhodes for 1974 and Bell for 1975 and 1976.

Rhodes, appellant here, filed a plea to the jurisdiction of the court in which he alleged that the City had filed a previous suit concerning the same subject matter, that Rhodes had filed his plea of privilege thereto, that the plea of privilege therein was granted because the City did not timely file a controverting affidavit, and the City entered a voluntary nonsuit therein to avoid transfer of the cause. Rhodes also filed a plea of privilege in the present case requesting transfer of the cause to Nueces County, and an answer containing several special exceptions and a general denial.

A hearing was had in the District Court on Rhodes' plea of the jurisdiction and plea of privilege, resulting in an order by the court overruling both the plea to the jurisdiction and the plea of privilege. The City then filed its motion for summary judgment, and at the hearing on the motion Rhodes attempted to file an opposing affidavit which the trial court refused to consider. After the hearing the trial court granted the motion for summary judgment, awarding the City $746.93 as delinquent taxes, penalties and interest against Rhodes and $1,406.91 against Bell.

Rhodes alone brings this appeal and predicates it upon five points of error. The first two points complain of error in the trial court's failure to grant appellant's plea of privilege and plea to the jurisdiction. Appellant argues that since the City filed no controverting affidavit in the previous suit and later took a nonsuit prior to any ruling on the plea of privilege in that cause, the right to the change of venue was established and the trial court in this case should have transferred the cause to Nueces County. In this connection appellant argues that Article 7345b–1,[1] is made a part of the general venue statute by the terms of subdivision 30 of Article 1995. The City does not contest the allegation that it had filed a previous suit concerning the same subject matter in which it failed to file a controverting plea to appellant's plea of privilege and thereafter took a voluntary nonsuit,

1. All statutory references are to Texas Revised Civil Statutes Annotated.

but replies that Article 7345b–1 is a statute that itself controls venue of actions brought thereunder, that it is not one that is controlled by the provisions of Article 1995 and the exceptions thereto, and that therefore a plea of privilege will not lie thereunder.

■ There is authority that where the plaintiff has filed a previous suit, and the defendant has filed a plea of privilege which is not controverted by the plaintiff, and where thereafter the plaintiff takes a voluntary nonsuit as to that defendant, the issue of venue is settled. The legal result is the establishment of the situs for the trial of the cause of action as that asserted in the plea of privilege, as a matter of admission by the plaintiff. *Southwestern Investment Company v. Gibson*, 372 S.W.2d 754, 756 (Tex.Civ.App.—Fort Worth 1963, no writ); see also *Cowan v. State*, 356 S.W.2d 170, 172 (Tex.Civ.App.—Austin 1962, writ dism'd); *Wilson v. Groos National Bank of San Antonio*, 535 S.W.2d 374, 376 (Tex.Civ. App.—Tyler 1976, no writ). This is true, however, only where the question of venue can be put in issue by a plea of privilege.

In the instant case, the City brought its original suit in Travis County under the provisions of Article 7345b–1, which provides:

"All actions or suits for the collection of delinquent ad valorem taxes on either real or personal property due the State of Texas or any political subdivisions thereof, shall be brought in a court of competent jurisdiction in the County in which such taxes were levied."

There is no dispute that the City's action is one for which venue is provided by Article 7345b–1, nor that Travis County is the county in which the taxes at issue were levied. Appellant relies, in support of his plea of privilege, upon subdivision 30 of Article 1995, which provides:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given,"

and upon cases in which the courts have held that special venue statutes are made a part of the general venue statute by the terms of subdivision 30. See, e. g., *Universal Credit Co. v. Dunklin*, 129 Tex. 324, 105 S.W.2d 867, 868 (1937), and its progeny.

■ However, all separate statutes providing for venue are not controlled by the general venue statute. In *Traders & General Insurance Co. v. Curby*, 103 S.W.2d 398 (Tex.Civ.App.—Waco 1937, no writ), Justice Alexander stated at p. 399, "the venue in such [workmen's compensation] cases is controlled by the act itself and not by the provisions of Revised Statutes, art. 1995, and the many exceptions therein provided." See also *State v. Harry Cloud Transport, Inc.*, 505 S.W.2d 798 (Tex.1974); *Cowan v. State*, supra; *Harrington v. State*, 363 S.W.2d 321 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.); *Scott v. United States Fidelity & Guaranty Co.*, 256 S.W.2d 860, 863 (Tex.Civ.App.—Amarillo 1953, no writ); *Walker v. State*, 251 S.W.2d 546–7 (Tex.Civ. App.—Eastland 1952, no writ). The question before us for decision, therefore, is whether Article 7345b–1 is a "law authorizing or regulating [a] particular character of action" within the meaning of subdivision 30, Article 1995, so as to permit a plea of privilege to be filed by a nonresident defendant, or is an act by which venue is controlled by the statute itself and not by the provisions of Article 1995 and its exceptions. See *Cowan v. State*, supra, 356 S.W.2d at 177.

In the case of *Gambill v. Town of Ponder*, 494 S.W.2d 808 (Tex.1973), our Supreme Court used the discernible intent of the Legislature as the test for determining whether the provisions of a separate venue statute are to control over the general venue statute. See also *Cowan v. State*, supra. Applying that test to the instant case, we find that the clear legislative intent expressed in Article 7345b–1, is that the particular provisions of said article are to control over the general venue statute, Article 1995. Section 2 of the act, passed as Acts 1943, 48th Legislature, p. 191, Ch. 110, provides:

"The fact that there is now no plain provision of law permitting an action or suit for collection of delinquent ad valorem taxes on personal property to be maintained as against pleas of privilege by non-resident taxpayers in the County in which such taxes have been levied and in which such taxes are payable, and certain Courts of Appeals have held that such suits are governed by the general rule of venue in civil actions and may be removed upon pleas of privilege to Counties other than those in which such taxes are payable, thereby requiring county and/or district officers to travel and transport official records to distant Counties in order to enforce payment of the legal dues, at great hardship, inconvenience and prohibitive expense to the Counties and units involved, thereby affecting the public revenue, creates an imperative public necessity and an emergency requiring the suspension of the Constitutional Rule requiring bills to be read on three several days, said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Another basis upon which it has been held that a special venue statute itself controls venue and is not controlled by the general venue statute is that such a special statute actually determines jurisdiction and not merely venue.

"Statutes . . . authorizing special proceedings for the settlement of rights which exist wholly by virtue of statute rather than by virtue of the constitution or the common law, often fix the county wherein suit must be prosecuted, and such provisions are commonly treated as jurisdictional. Conceptually, however, any statute which lodges in the courts of a single county (named specifically or identified by a description applicable only to it) the exclusive power to try a certain type of case is jurisdictional, even though it be placed by the legislature in juxtaposition to true venue provisions or be referred to in its body as a venue statute." [Footnotes omitted.] 1 McDonald, Texas Civil Practice, sec. 4.02 at p. 411 (1965).

We are of the opinion that Article 7345b–1 is such a statute. *Bachus v. Foster*, 122 S.W.2d 1058 (Tex.Com.App.1939, opinion adopted); *Gambill v. Town of Ponder*, supra, 494 S.W.2d at 810; *Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364, 367 (Tex.Com.App.1933, opinion adopted); *Calvert v. Hall*, 514 S.W.2d 778, 781 (Tex. Civ.App.—Austin 1974, writ dism'd); *Texas Employers' Insurance Ass'n v. Ellis*, 543 S.W.2d 397, 399 (Tex.Civ.App.—El Paso 1976, no writ); *Colvin v. State*, 416 S.W.2d 513, 515 (Tex.Civ.App.—Dallas 1967, no writ).

Accordingly, this suit being one for the collection of delinquent ad valorem taxes on personal property due a political subdivision of this State in which venue was fixed as a matter of law under Article 7345b–1, no issue of venue can arise under a plea of privilege. "The court can not be under a duty to transfer a cause to a court which has no jurisdiction. In such a situation, a plea of privilege is inappropriate, and the court may strike a plea of privilege on its own motion or on special exception." 1 McDonald, Texas Civil Practice, sec. 4.46.1, pp. 586–7. Appellant's points of error one and two are overruled.

■ In point of error four appellant complains that the trial court abused its discretion when it refused to consider appellant's affidavit in opposition to the City's motion for summary judgment. Rule 166–A, T.R.C.P., provides in pertinent part, "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response." This was a change, effective January 1, 1978, from the provision which theretofore stated, "the adverse party prior to the day of hearing may serve opposing affidavits." Even prior to the amendment, the provision was held to mean that the trial court had considerable discretion to receive opposing affidavits on the day of hearing. *Lindley v. Smith*, 524 S.W.2d 520, 523 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Brown v. Aetna Casualty & Surety Co.*, 366 S.W.2d 673, 675

(Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, sec. 17.26.7, at p. 150 (1971). Under the present wording of the provision, which was in effect at the time of the hearing on appellee's motion for summary judgment, the trial court's action in allowing or disallowing the filing of opposing affidavits within seven days prior to the day of hearing remains discretionary, and the trial court's action will not be disturbed except on a showing of an abuse of discretion. Rule 166–A(c), supra.

█ Appellant's argument in support of his point four is that a governmental entity, in a suit against a citizen, "should be held to a higher burden of total fairness to its citizens than should be allowed in a situation where both parties stand equal as citizens." Appellant further states, "The Court should protect a citizen who has done everything he thought necessary to defend himself against the awesome power of government except that he failed to read Rule 166–A(c)." These contentions have no merit. When the State of Texas enters its courts as a litigant, it must be held subject to the same rules that govern other litigants. *State v. Zanco's Heirs*, 18 Tex.Civ. App. 127, 44 S.W. 527, 529 (Tex.Civ.App.— San Antonio 1898, writ ref'd). Appellant has failed to show good cause why his affidavit was not timely filed nor has he otherwise shown an abuse of discretion by the trial court in refusing to allow him to file his affidavit later than seven days prior to the day of hearing. Appellant's point of error four is overruled.

█ In his fifth point of error appellant contends that he was deprived of property without due process of law under the Texas and United States Constitutions, the argument being that if he can be deprived of his property, although present in court to answer a motion for summary judgment, without being given a hearing (i. e., without being allowed to file his affidavit in opposition to the motion), then he has not been afforded due process. Appellant makes the further suggestion that a warning should appear in bold print on the first page of a motion for summary judgment to the effect that the opposing party must file his response thereto at least one day prior to the day of hearing or judgment may be granted against him as a matter of law. Without such a warning appellant contends that he did not receive proper notice and was therefore deprived of property without due process of law. We are not favorably impressed with this argument. Inasmuch, however, as it is apparently urged seriously, we shall dispose of it. Appellant was not deprived of property without due process of law for the reason that due process does not require that a party be put on notice of the duly adopted and promulgated rules of court.

"Attorneys practicing before a court . . . and the parties to actions therein are bound to take notice of the duly-adopted and promulgated rules of such court, and ignorance of a rule ordinarily is no excuse for noncompliance therewith . . . ." [Footnotes omitted.] 21 C.J.S. Courts § 176 b at p. 280.

We note that appellant appears here as well as in the trial court pro se, and that he is an attorney licensed to practice law in this state. Appellant's point of error five is overruled.

We now come to appellant's third point of error, in which he argues that the motion for summary judgment was incorrectly · granted in that there was not shown to be an absence of genuine issue as to any material fact. Appellee's use of a form petition, containing some general allegations applicable to suits of this nature, and containing blank spaces to be filled in with specific allegations applicable only to the case at hand, and the fact that the petition in this case cited two party-defendants, have resulted in some minor discrepancies between the general and specific allegations.

The first paragraph of the petition states:

"The name and county of residence, along with address for service of process, for all known defendants are: DAVID P. BELL, owner January 1, 1975, who has heretofore been served with citation at 2403 Lehigh Dr., Austin, Travis County, Texas, 78723; and NATE RHODES, own-

er January 1, 1974, who has heretofore been served with citation at 440 Santa Monica, Corpus Christi, Nueces County, Texas, 78411; both doing business under the assumed name of PLEASURETIME BEVERAGES at 5415 North Lamar, Austin, Travis County, Texas, 78751, who reside in Travis County, Texas, and who own or claimed some interest in the hereinafter described personal property on the first day of January of each year of the years for which taxes are sought, which property was situated for tax purposes in Travis County, Texas, for said year(s)."

The prayer of the petition states, in part: "Plaintiff prays . . . that Plaintiff on behalf of itself and/or the Austin Independent School District have judgment against said defendant(s) and if more than one defendant that judgment be jointly and severally against said defendants for the total amount of said delinquent taxes, together with all penalties, interest and costs and other charges or expenses that may be or which become legally due and owing to said City and/or School District . . ."

and further praying for foreclosure of tax liens on the property involved. There is no prayer for general relief. Attached to the petition are copies of the tax notices for the years in question, those for 1974 and 1975 being assessed in the name "Pleasuretime Beverages," and that for 1976 in the name of "Pleasuretime Beverages, c/o David P. Bell."

Appellee's motion for summary judgment recites that appellee had filed this suit, that all adverse parties were before the court and that the supporting affidavits and pleadings on file "show that the City has a liquidated claim for taxes and there is no genuine issue as to any material fact, and that [appellee] is entitled to judgment as a matter of law." The motion is unsworn. Appellee also filed an "Affidavit in Support of City of Austin's Motion for Summary Judgment," made by the senior assistant city attorney for appellee. Attached to said affidavit were four exhibits: (1) a certificate from the Secretary of State certifying appellee's charter and the several amendments thereto, (2) the affidavit of the city clerk of appellee, certifying a copy of a section of the Austin City Code delineating the requirements for delinquent city tax records, (3) a copy of Article VIII of the City Charter, entitled "Taxation," and (4) an affidavit from the tax assessor and collector of appellee certifying a copy of the delinquent tax rolls assessed in the name of Pleasuretime Beverages (copies of the same tax notices attached to appellee's petition).

◼ Appellant makes six discernible contentions under his third point of error. First, he complains that an issue of material fact is presented by appellee's petition in that paragraph one of said petition indicates contradictory residences of appellant. It was not alleged, however, that appellant resided both in Nueces and Travis Counties, but only that he was served with citation in Nueces County and resided in Travis County. Thus, there is no material contradiction.

◼ In his final contention under this point, appellant argues that there is no statement by a person with knowledge of the facts to show the basis for the value of the property and the tax rate. Section 8, entitled "Tax Suits—Evidence—Limitations," of Article VIII of the charter of the City of Austin, which was attached to the affidavit supporting appellee's motion for summary judgment, provides in part as follows:

"In all suits for the collection of taxes which have been heretofore or which may be hereafter levied upon the tax rolls of said City, a certified statement made therefrom by the Assessor and Collector, shall be prima facie evidence of the truth of all recitations and facts shown by said rolls and shall be held to be sufficient proof (subject to rebuttal only by pleading and proof by defendant) of the following facts, viz:

. . . . .

(c) That all acts and proceedings required by law or by ordinance of said City in

the manner of rendering, appraising, and fixing of values upon said property and the giving of all notices to such taxpayers have each and all been performed and complied with at the time and in the manner and form required, and that all things that might be construed as conditions precedent to the lawful demand upon such taxpayers to pay the amount of taxes in such rolls shown to be due by him or them have been performed at the time and in the manner required by law . .."

Thus, the City has availed itself of the provisions of Section 6, Article 7328.1 and Article 7337, V.T.C.S. In the instant case the affidavit of the tax assessor and collector and copies of the delinquent tax notices were filed in support of the motion for summary judgment. Inasmuch as appellant did not properly submit matters in opposition to said motion, appellee's prima facie case regarding the basis for valuation of the property and the tax rate, was made. Appellant's contention, therefore, is without merit.

The remainder of appellant's contentions under his third point of error concern the question of proof of his ownership of the taxed entity and the ramifications thereof with regard to the judgment as rendered. Appellant points out that appellee's petition indicates in paragraph one that appellant was the owner of Pleasuretime Beverages on January 1, 1974, and that David P. Bell was owner on January 1, 1975; that there was no indication in paragraph one of who was the owner on January 1, 1976; and that paragraph one also states that both parties claim some interest for each of said years. He further points out that appellee prayed that appellant and Bell, as defendants, be jointly and severally liable for the total amount of delinquent taxes. Moreover, appellant argues that there was no summary judgment proof that he was the owner of Pleasuretime Beverages at any time, and that the trial court's division of taxes due between Bell and himself had no basis in the summary judgment proof.

Appellee admits in oral argument before this court that its petition was not artfully drafted. We are constrained to agree inasmuch as it is obvious that the form petition used by appellee was designed for use against a single defendant or co-owner defendants; here, appellee has sued two defendants, who apparently owned the taxed property at different times, without making necessary alterations to clarify the provisions of the petition.

■ Appellant's arguments, however, with regard to the lack of the summary judgment proof of his ownership of the taxed entity have validity only insofar as they concern him individually. Appellant was sued both individually and "doing business under the assumed name of PLEASURETIME BEVERAGES." Rule 28, T.R.C.P., provides that an individual doing business under an assumed name may be sued in that assumed name for the purpose of enforcing against him a substantive right, and Rule 93, subdivision (o), prescribes that a pleading that a party plaintiff or defendant is no doing business under an assumed name or trade name as alleged must be verified by affidavit. Since, in the instant case, there is no indication in the record that appellant filed such an affidavit, the matter was not put in issue. Rule 92, T.R.C.P.; *Condry v. Mantooth*, 460 S.W.2d 513, 516 (Tex.Civ.App.—Houston [1st Dist.] 1970 no writ).

■ Appellee's pleadings allege that appellant, doing business as Pleasuretime Beverages, was owner of the personal property on January 1, 1974, and that Bell was owner on January 1, 1975. The summary judgment proof shows that such taxes were assessed against Pleasuretime Beverages for all three years and that they were delinquent and unpaid. There was no showing in the summary judgment proof that appellant, individually, was the owner of Pleasuretime Beverages for the tax year 1974 or for any other year. The delinquent tax notices for all three years were made out in the name "Pleasuretime Beverages" and not in the name of appellant or Bell. Since appellant was sued under the assumed

name Pleasuretime Beverages and failed to deny that he was doing business under such name, he was, for purposes of this action, one and the same as the business entity known as Pleasuretime Beverages. As such, appellant could have been held liable, jointly and severally with Bell, under proper pleadings, for the taxes assessed against Pleasuretime Beverages for all of the three years in question. Even though appellant may have been subject to liability for additional taxes, the trial court limited its judgment against appellant to the amount of taxes, penalty, and interest for the year 1974. Appellant, therefore, is without an adequate complaint on appeal. We perceive no error in such action by the trial court. As noted, appellee alleged in its pleadings that appellant was owner of the personal property on January 1, 1974, only. Inasmuch as damages are measurable by the amount shown by the pleadings, *Davis v. Standard Rice Co.*, 293 S.W. 593, 597 (Tex. Civ.App.—Galveston 1926, writ dism'd), and every element of recovery must be supported by the pleadings, *Texas Cities Gas Co. v. Ellis*, 63 S.W.2d 717, 720 (Tex.Civ. App.—Waco 1933, no writ), appellee's recovery here was correctly limited to the amount of taxes, penalty, and interest for the year 1974. Appellant's third point of error complaining of error by the trial court in granting appellee's motion for summary judgment, is overruled.

Judgment of the trial court is affirmed.