Max **POYNOR**, Appellant,

v.

**BOWIE INDEPENDENT SCHOOL DISTRICT**, Appellee.

No. 2–81–018–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 20, 1982.

Rehearing Denied Feb. 18, 1982.

The Montgomery Law Firm and Elton M. Montgomery, Graham, for appellant.

Perdue, Brandon, Blair & Fielder, J. Roland Jeter, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order dismissing and overruling a plea of privilege in a suit for delinquent ad valorem taxes.

We affirm.

Both parties concede that this is the second suit between them upon the identical subject matter. Both suits were filed in Montague County, to recover allegedly delinquent ad valorem taxes levied against appellant's land in that county.

The prior suit was in 1978, seeking to recover the same 1973 and 1974 taxes that are the subject of the present suit.

When appellant filed a plea of privilege in the 1978 suit, appellee neglected to controvert, and the trial court sustained the plea of privilege, ordering the cause transferred to the District Court of Jack County, where appellant resides.

No further action was taken in that cause, until a voluntary nonsuit by appellee

in the District Court of Jack County, February 26, 1981.

On June 29, 1981, appellee filed the present suit in Montague County, and appellant responded with a plea of privilege to be sued in Jack County.

Appellee's controverting plea relies upon Tex.Rev.Civ.Stat.Ann. art. 7345b–1; art. 1995, subd. 30 as grounds for conferring venue on the District Court in Montague County.

Art. 7345b–1 provides:[1]

"All actions or suits for the collection of delinquent ad valorem taxes on either real or personal property due the State of Texas or any political subdivisions thereof, shall be brought in a Court of competent jurisdiction in the County in which such taxes were levied."

Subdivision 30 provides:

"Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Appellant's plea of privilege was heard by the court and was overruled and dismissed September 23, 1981.

In his points of error, appellant contends (a) that the appellee's failure to file a controverting plea in the prior lawsuit waived the right to contest venue in the present suit; (b) the order which sustained appellant's plea of privilege in the prior suit is *res judicata* in this suit; and (c) there is no evidence that venue in Montague County is proper under the circumstances.

While art. 7345b–1 may be a special venue statute, its essential effect is jurisdictional. *Rhodes v. City of Austin*, 584 S.W.2d 917 (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.); 1 McDonald, Texas Civil Practice, sec. 4.02 (1981).

While *Rhodes, supra*, was not a venue appeal, we agree with its reasoning as to

1. Art. 7345b–1 is repealed, effective January 1, 1982. Acts 1979, 66th Legislature, p. 2329, ch. 841 sec. 6(a)(1).

the jurisdictional effect and meaning of art. 7345b–1. That court's opinion quotes the legislative intent as stated in the bill which became art. 7345b–1. Clearly that intent was to remove delinquent ad valorem tax collection suits from the scope of the general venue statute, art. 1995, and plea of privilege procedures.

Not all separate statutes which provide for venue are controlled by art. 1995. *State v. Harry Cloud Transport, Inc.,* 505 S.W.2d 798 (Tex.1974); *Traders & General Ins. Co. v. Curby,* 103 S.W.2d 398 (Tex.Civ.App.— Waco 1937, no writ).

■ We hold that venue of the present suit is controlled by art. 7345b–1 and not by the exceptions of art. 1995.

Appellee is a political subdivision of the State of Texas, and its suit to recover ad valorem taxes must be adjudicated in a district court. Tex.Rev.Civ.Stat.Ann. art. 1906 (1965).

In the present suit, art. 7345b–1 confers exclusive jurisdiction of the subject matter on the District Court of Montague County, in which the allegedly delinquent taxes were levied.

Art. 7345b–1 is a component of Tex.Rev. Civ.Stat.Ann. title 122, governing assessment, levy and collection of ad valorem taxes.

■ In a statutory cause of action, the mandatory and exclusive provisions of the statute must be complied with in all respects or the action is not maintainable. *McGregor v. Clawson,* 506 S.W.2d 922 (Tex. Civ.App.—Waco 1974, no writ).

The court in *McGregor* states, at 923: "Where a statute creates a right and provides remedy for its enforcement, the *remedy* is *exclusive* and where it confers jurisdiction upon particular court, that *jurisdiction* is *exclusive.*" (emphasis added).

■ Appellant argues that when a plea of privilege is sustained and the cause is transferred to the county of defendant's residence, a nonsuit by the plaintiff becomes *res judicata* as to venue if he asserts the same cause of action against the defendant in a subsequent suit.

That is the general rule. *Knapp v. Knapp,* 386 S.W.2d 630 (Tex.Civ.App.—Austin 1965, no writ); *Southwestern Investment Company v. Gibson,* 372 S.W.2d 754 (Tex.Civ.App.—Fort Worth 1963, no writ).

■ However, when a jurisdictional statute such as art. 7345b–1 governs the cause, a trial court order which purports to transfer venue under the general venue statute, art. 1995, is void. The transferee court has no power to hear the case, even by agreement of the parties. *Gambill v. Town of Ponder,* 494 S.W.2d 808 (Tex.1973); and subsequent per curiam opinion in 497 S.W.2d 454 (Tex.Civ.App.—Fort Worth 1973).

*Sua sponte,* we conclude that the order of the trial court sustaining appellant's uncontroverted plea of privilege in the prior suit was void. *Gambill, supra.*

■ A void judgment is not *res judicata* in a subsequent suit involving the same parties and subject matter. *Dews v. Floyd,* 413 S.W.2d 800 (Tex.Civ.App.—Tyler 1967, no writ); *Commander v. Bryan,* 123 S.W.2d 1008 (Tex.Civ.App.—Fort Worth 1938, no writ).

■ Since art. 7345b–1 vests exclusive jurisdiction of this case in the District Court of Montague County, neither the parties nor the trial court were empowered to waive that jurisdiction. *Wilkinson v. Wilkinson,* 419 S.W.2d 226 (Tex.Civ.App.—Dallas 1967, no writ); *Gibbs v. Melton,* 354 S.W.2d 426 (Tex.Civ.App.—Dallas 1962, no writ); *Armstrong v. West Texas Rig Company,* 339 S.W.2d 69 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.).

■ We are not unmindful of the provisions of Tex.R.Civ.P. 86, for we recognize that an uncontroverted plea of privilege, such as that filed by appellant in the prior suit, generally imposes on the trial court a duty to transfer venue to the county of defendant's residence. *Eagle Life Ins. Co. v. Owens,* 549 S.W.2d 243 (Tex.Civ.App.— Texarkana 1977, writ dism'd.).

No such duty exists, however, if its performance would compel the court to transfer the cause to another court that has no jurisdiction. *Rhodes, supra.*

Even though controverted in the present suit, appellant's plea of privilege was an inappropriate plea, for in a suit controlled by a jurisdictional statute (art. 7345b–1), a plea of privilege only serves to confront the trial court with the illusion of a duty it has no power to perform. *Gambill, supra; Rhodes, supra.*

That situation entitles the trial court to strike the plea of privilege on its own motion or on special exception. 1 McDonald, *Texas Civil Practice,* sec. 4.46.1, p. 481 (1981).

We hold that art. 7345b–1 is not a "law authorizing or regulating [a] particular character of action" within the meaning of subdivision 30, art. 1995, and the trial court correctly dismissed appellant's plea of privilege in the present suit.

Appellant's points of error are overruled.

Judgment of the trial court is affirmed.