2025 Tex. Bus. 49



THE BUSINESS COURT OF TEXAS
EIGHTH DIVISION

| | | |
|---|---|---|
| MICHAEL D. CRAIN, Individually and Derivatively on Behalf of NORTHERN CRAIN REALTY, LLC, NORTHERN CRAIN PROPERTY MANAGEMENT, LLC, and NORTHERN CRAIN, LLC<br><br>*Plaintiff,*<br>v.<br><br>WILLIAM "WILL" NORTHERN and TYLER GOLDTHWAITE,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 25-BC08A-0014 |

## OPINION AND ORDER

### Syllabus[*]

   *This opinion addresses the ability of the Court to adjudicate legal malpractice and fractured malpractice-based claims arising out of an alleged attorney-client relationship involving an attorney, two business associates, and multiple business entities. The Court declines to consider whether an attorney-client relationship existed between the attorney and business entities but does address whether it has subject-matter jurisdiction to hear claims emanating from the alleged relationship. The Court concludes the legal malpractice and fractured malpractice-based claims are improperly before it and, accordingly, dismisses all claims against the attorney-Defendant without prejudice.*

---

[*] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

**OPINION**

¶ 1    On December 4, 2025, the Court issued an Order disposing of Defendant Tyler Goldthwaite ("Goldthwaite")'s Amended Rule 91a Motion to Dismiss ("Amended Rule 91a Motion") and dismissing Plaintiff's claims against Goldthwaite for lack of subject-matter jurisdiction.  In its Order, the Court stated a written opinion explaining its ruling would be forthcoming.  This is the Court's opinion.

## I.  BACKGROUND

¶ 2    Michael D. Crain ("Crain") and William Northern ("Northern") have a broken business and personal relationship.  In 2020, the two created Northern Crain Realty ("NC Realty"), representing buyers and sellers in various residential and commercial property ventures.  *See* First Amended Petition ("First Am. Pet.") at 4-5.  NC Realty has two subsidiaries: Northern Crain Property Management, LLC and Northern Crain, LLC (collectively, the "Northern Crain entities").  *See id.* at 2.  On June 20, 2025, Crain filed suit individually and on behalf of the Northern Crain entities in the 67th District Court of Tarrant County, Texas against the following Defendants: Northern, Goldthwaite, Crescendo Development, LLC ("Crescendo Development"), Crescendo Concerto No. 1 Management Co., LLC ("Crescendo Management"), and Woodhaven Concerto No. 1, LP ("Woodhaven Concerto").  *See* Crain Original Petition at 2-3.  Northern, Crescendo Development, and Crescendo Management removed the case to the Texas Business Court on July 9, 2025.  Crain filed his First Amended Motion to Remand September 27, 2025. The Court held a hearing and subsequently denied Crain's remand motion.

¶ 3    Crain filed his First Amended Petition on September 26, 2025, and nonsuited all claims against Crescendo Development, Crescendo Management, and Woodhaven on October 24, 2025.[1]  In his First Amended Petition, Crain brings the following claims against attorney Goldthwaite:[2]

1.    Breach of Fiduciary Duty;
2.    Fraud/Intentional Misrepresentation;
3.    Negligent Misrepresentation;
4.    Misappropriation of Confidential Information; and
5.    Legal Malpractice (Professional Negligence).

*See* First Am. Pet. at 39, 30, 44-45.  Crain also brings four additional claims against both Goldthwaite and Northern for Common Law Fraud, Fraud by Non-Disclosure, *Quantum Meruit*, and Conspiracy.  *Id*. at 42-43.

¶ 4    As stated above, Goldthwaite filed his Amended 91a Motion on October 20, 2025, challenging all claims against him.  As a threshold matter, Goldthwaite asks the Court to find he did not have an attorney-client relationship with the Northern Crain entities and accordingly dismiss all claims against him.  *See* Am. 91a Mot. at 3-5, 8.  He maintains the claims against him "arise solely out of work Goldthwaite performed within the scope of his attorney-client relationship with *Northern*."  Am. 91 Mot. at 11 (emphasis added).

¶ 5    On November 10, 2025, Crain filed his response to the Amended Rule 91a Motion in both his individual capacity and derivatively on behalf of the Northern Crain

---

[1] The Court notes Crain filed his Second Amended Petition on November 14, 2025.  However, pursuant to the Court's November 17, 2025, Order Sustaining Defendant Goldthwaite's Objection, the live pleading before the Court for determining Goldthwaite's Amended 91a Motion is Crain's First Amended Petition.

[2] Throughout his First Amended Petition, Crain uses capitalized terms to introduce his specific claims against each Defendant.  The Court will use the same capitalized terms when discussing each claim.

Entities. Crain claims Goldthwaite "held himself out" as the Northern Crain entities' counsel and "later betrayed [them] by assisting [] Northern in forming competing entities." Plaintiff's Response to Tyler Goldthwaite's Amended Rule 91a Motion to Dismiss ("Resp. to Am. 91a Mot.") at 2. Further, Crain claims that Goldthwaite "used confidential information obtained during representation" to aid Northern and that Goldthwaite failed to disclose he was working adverse to the Northern Crain entities. *Id.*

## II. LEGAL STANDARD

### A. Rule 91a

¶ 6    Texas Rule of Civil Procedure 91a allows a party to move to dismiss a cause of action that has no basis in law or in fact. *See* TEX. R. CIV. P. 91a.1. It provides a cause of action has no basis in law if "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A cause of action lacks basis in fact if "no reasonable person could believe the facts pleaded." *Id.* A motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. In some instances, a motion to dismiss under Rule 91a is an appropriate mechanism to challenge court's subject-matter jurisdiction. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 725 (Tex. 2016). Regardless of the basis for motion, the court must liberally construe the pleadings "in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations." *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App. 2014) (citing TEX. R. CIV. P. 91a.1).

### B. Jurisdiction

¶ 7    A claim must be dismissed if it is outside the court's jurisdiction and the jurisdictional impediment cannot be removed. *Am. Motorists Ins. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001); *see also Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). It is proper for a trial court to dismiss claims over which it does not have subject-matter jurisdiction but retain claims in the same case over which it has jurisdiction. *Id.* at 805 (trial court erred in dismissing all claims but the court of appeals erred in requiring the reinstatement of all claims); *see also Thomas*, 207 S.W.3d at 338-39; *Tex. Highway Dept. v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) ("As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal.").

¶ 8    Further, a court that lacks jurisdiction over a claim is completely without power to do anything other than dismiss the claim. *Gambill v. Town of Ponder*, 494 S.W.2d 808, 810 (Tex. 1973) (a court without jurisdiction or statutory authority to hear a case cannot transfer the case to a proper court); *Fed. Underwriters Exchange v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943) (a court without jurisdiction cannot transfer a case to a court with jurisdiction or do anything else except dismiss); *see also State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christ 1989, writ denied) ("[I]f it is discovered that the suit is filed in a court which is not designated by statute, the court must dismiss the case since it is completely without power to hear the case or even transfer the case to a proper court.")

### C. Legal Malpractice (Professional Negligence) and Fractured Malpractice-Based Claims

¶ 9 The proper characterization of claims is a question of law. *See Murphy v. Gruber*, 241 S.W.3d 689, 692 (Tex. App.—Dallas 2007, pet. denied); *see also Greathouse v. McConnell*, 982. S.W.2d 165, 172 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). The Texas Business Court does not have jurisdiction over a claim for legal malpractice, regardless of whether the claim is otherwise within the court's supplemental jurisdiction. *See* TEX. GOV'T CODE. § 25A.004(h)(3). Texas has an anti-fracturing rule that has long-prohibited splitting a single legal malpractice claim into multiple causes of action. *See Pitts v. Rivas,* 709 S.W.3d 517, 523-24 (Tex. 2025) (expressly applying the anti-fracturing rule to professional malpractice claims); *see also Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th. Dist.] 2001, pet. denied) (Texas law does not permit a plaintiff to fracture malpractice claims).

¶ 10 However, the bar against fracturing a legal malpractice claim does not necessarily foreclose a plaintiff's parallel pursuit of a negligence-based malpractice claim and a separate breach of fiduciary duty claim. "[W]hen cases say that clients cannot divide or fracture their negligence claims against their attorneys into other claims, this does not mean that clients can sue their attorneys only for negligence." *Deutsch v. Hoover, Bax & Slovacek*, 97 S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.). But a plaintiff must do more than merely reassert the same claim for legal malpractice under an alternative label. *See Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied). The plaintiff must present a claim that goes

beyond what traditionally has been characterized as legal malpractice. *See id.* at 924 (if the "crux" of the claim is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice). The facts of the case must support claims against the attorney for something other than traditional negligence. *See Border Demolition & Env't, Inc. v. Pineda*, 535 S.W.3d 140, 159 (Tex. App.—El Paso 2017, no pet.) (claims for professional malpractice and breach of fiduciary duty were impermissibly fractured because alleged breaches were part of defendant's professional duties towards plaintiff). A plaintiff cannot simply "repackage [] allegations under the banner of additional claims" to avoid the application of the anti-fracturing rule. *Pitts*, 709 S.W.3d at 524.

### III. DISCUSSION

¶ 11    Crain has expressly asserted a legal malpractice claim; he has also pleaded a myriad of claims against Goldthwaite that are based on the same factual allegations as the legal malpractice claim. As further discussed below, Crain's legal malpractice claim and his repackaged malpractice-based claims are improperly before the Court.

**A. Claims**

*1. Legal Malpractice (Professional Negligence)*

¶ 12    The parties do not dispute Crain's claim against Goldthwaite for legal malpractice must be dismissed for want of jurisdiction pursuant to Texas Government Code Section 25A.004(h)(3). Accordingly, the Court finds Crain's Legal Malpractice claim must be dismissed without prejudice.

*2. Fractured Malpractice-Based Claims*

¶ 13    Crain cannot prevail over any remaining claims against Goldthwaite because they are merely repackaged attempts to transform a singular allegation of Goldthwaite's legal malpractice into multiple claims. *See Pitts,* 709 S.W.3d at 524; *see also Goffney*, 56 S.W.3d at 190. Said differently, the gravamen of the claims is Crain's dissatisfaction with the quality of Goldthwaite's professional services. *Pitts*, 709 S.W.3d at 524.

i.    Breach of Fiduciary Duty

¶ 14    Crain's singular claim against Goldthwaite for his breach of multiple fiduciary duties fails.[3] *See* Am. Pet. at 37. Texas courts "often reject[] breach of fiduciary duty claims under the anti-fracturing rule," likening them to restated legal malpractice claims. *Pitts*, 709 S.W.3d at 527. Crain's breach of fiduciary duty claims against Goldthwaite are no different—he does not allege any conduct that could constitute a breach of fiduciary duty(s) outside of Goldthwaite's alleged professional failures. Consequently, Crain's claim for Breach of Fiduciary Duty must be dismissed without prejudice.

ii.    Misappropriation of Confidential Information

¶ 15    Crain's Misappropriation of Confidential Information claim is also an improperly fractured claim. Crain argues Goldthwaite obtained "non-public information" concerning the Northern Crain entities and "used [it], without information, for [his] personal benefit and to facilitate the Woodhaven Acquisition." Am. Pet. at 44. Notably,

---

[3] Specifically, Crain alleges the twelve breaches of fiduciary duty, including but not limited to, the duty of loyalty and utmost good faith, the duty of candor, the duty to refrain from self-dealing, etc. *See* Am. Pet. at 37.

Crain states, Goldthwaite's "conduct violates the agreements by and between Northern and Crain." *Id.* The alleged misappropriation is unequivocally derived from Goldthwaite's purported service as counsel for the Northern Crain entities and alleged breach of the duties associated with such service—there are no pleaded facts suggesting otherwise.[4] Therefore, this claim must be dismissed without prejudice.

        iii.    Fraud/Intentional Misrepresentation and Negligent Misrepresentation

¶ 16   Crain's claims for Fraud/Intentional Misrepresentation and Negligent Misrepresentation are likewise flawed. *See* Am. Pet. at 40-41. Crain argues, *inter alia*, that Goldthwaite knowingly made material and false representations to him about the Northern Crain entities' business and business prospects. *Id.* at 40. He also claims Goldthwaite "knew or should have known that [the] intentional concealment of forming competing companies (Crescendo Development), pursing and accomplishing foreclosure of the WCC lien and closing the Woodhaven Property Acquisition were false." *Id.* at 40-41. The alleged misrepresentation derives directly from Goldthwaite's alleged attorney-client relationship with the Northern Crain entities. The anti-fracturing rule clearly applies to these claims, as they are recast professional negligence claims. *See Tex. Pharmomedical Exports, Inc. v. Wang,* No. 14-19-00888-CV, 2021 WL 2325085, at *5 (Tex. App. June 8, 2021) (affirming court's dismissal of plaintiff's claims for fraud and intentional misrepresentation under

---

[4] As noted, Goldthwaite denies having an attorney-client relationship with Crain or the Northern Crain entities. *See* Am. 91a Mot. at 5. The Court does not address either the existence or scope of his alleged representation in this Opinion.

anti-fracturing rule).  Accordingly, Crain's Fraud/Intentional Misrepresentation and Negligent Misrepresentation claims must also be dismissed without prejudice.

### iv. General Claims Against All Defendants

¶ 17 Crain also cannot prevail on his claims against Goldthwaite for Common Law Fraud and Fraud by Non-Disclosure.  The claims are devoid of any specific allegations against Goldthwaite but clearly derive from Goldthwaite's alleged attorney-client relationship with the Northern Crain entities.  The anti-fracturing rule is applicable as they are simply recast professional negligence claims.  Such claims must be dismissed without prejudice.

¶ 18 Next, there are no facts before the Court that remove Crain's Conspiracy allegations from under the umbrella of the alleged attorney-client relationship.  Crain alleges Goldthwaite and remaining Defendant Northern had a meeting of minds and "combined to accomplish the unlawful act to defraud, convert, dispossess, and/or steal funds from Plaintiff." Am. Pet. at 43.  This is a clear re-cast of Crain's sole legal malpractice claim under an alternative label, as the allegations stem from whether Goldthwaite failed to properly discharge his duties as alleged counsel for the Northern Crain entities. *See Pitts,* 709 S.W.3d at 524; *Won Pak v. Harris*, 313 S.W.3d 454, 458 (Tex. App.—Dallas 2010, pet. denied) (concluding dismissal of conspiracy claim against attorney appropriate because claim was a fractured legal malpractice claim).  The conspiracy claim against Goldthwaite is fractured and must be dismissed without prejudice.

¶ 19 As for *quantum meruit*, Crain wholly fails to plead facts supporting the claim that Goldthwaite accepted the benefits of another's work without providing anything in

exchange for such benefits. However, it is clear that whatever benefit Goldthwaite allegedly accepted was derived from his alleged representation of the Northern Crain entities. The *quantum meruit* claim is simply an improperly pleaded equitable remedy that must be dismissed without prejudice.

**B. Disposition**

¶ 20    The Court finds dismissal without prejudice is the proper vehicle for dismissing all claims against Goldthwaite. This Court's jurisdiction is established by statute. Statutory construction is a question of law. *Slant Operating, LLC v. Octane Energy Operating, LLC*, 717 S.W.3d 409, 416 (Tex. Bus. Ct. [8th Div.] 2025) (citing *Cadena Com.USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)). When interpreting a statute, the court will ascertain and give effect to the Legislature's intent. *Cadena*, 518 S.W.3d at 325 (quoting *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)); *see Baumgardner v. Brazos River Auth.*, 714 S.W.3d 597, 602 (Tex. 2025). Courts will give words and phrases their plain and common meaning unless a different meaning is supplied by the Legislature, is apparent from the context, or would lead to an absurd or nonsensical result. *Baumgardner*, 714 S.W.3d at 602; *Cadena*, 518 S.W.3d at 325. Presuming the Legislature chooses words carefully, the Court must refrain from rewriting the Legislature's text. *Cadena*, 518 S.W.3d at 325.

¶ 21    Chapter 25A of the Government Code does not define "claim," and is silent on how the Court should dispose of claims falling outside of this Court's jurisdiction when the remaining claims in the same action *are* within the Court's jurisdiction. Government Code 25A.006(d) and Texas Rules of Civil Procedure Rule 355 dictate that, if the Court

lacks jurisdiction over a removed "action," it must remand the "action" to the court from which it was removed. However, Section 25A.006 does not provide a similar process for individual claims over which the Court does not have jurisdiction—especially a claim added to an "action" after it is removed to the Court. Notably, Section 25A.004 excludes certain "claims" from the Court's jurisdiction and provides for supplemental jurisdiction over other "claims." TEX. GOV'T CODE §25A.004(f), (g)(2)–(5), (h). The statute contemplates that the Court may have jurisdiction over an action but not every claim asserted in the action. *See id.* But it provides no guidance as to whether a claim over which the Court lacks jurisdiction must be dismissed from the action or severed into a separate action for transfer or remand to another court. *See id.* at §25A.006(b)–(d).

¶ 22    The Court utilizes the principles of statutory construction and relies on well-established authority that, absent express statutory authority to do otherwise, a court lacking jurisdiction over a claim is completely without power to do anything other than dismiss it. *See Gambill*, 494 S.W.2d at 810; *see Fed. Underwriters,* 174 S.W.2d at 600. Accordingly, the Court finds the appropriate disposition of Crain's claims against Goldthwaite is dismissal without prejudice.

### IV. CONCLUSION

¶ 23    The Court lacks jurisdiction to hear Crain's Legal Malpractice (Professional Negligence) claim against Goldthwaite. *See* TEX. GOV'T CODE. 25.004(h)(3). Therefore, it is **ORDERED** that the Legal Malpractice (Professional Negligence) claim against Goldthwaite is **DISMISSED WITHOUT PREJUDICE**.

¶ 24    Each of Crain's remaining claims are impermissibly fractured malpractice-based claims, as they concern Goldthwaite's alleged representation of the Northern Crain entities and whether, in that alleged representation, he exercised a degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr.*, P.C., 284 S.W.3d 416, 426–27 (Tex. App.—Austin 2009, no pet.). It is therefore **ORDERED** that the remaining fractured malpractice-based claims against Goldthwaite are hereby **DISMISSED WITHOUT PREJUDICE**.

¶ 25    Based on the Court's foregoing determination that it lacks subject-matter jurisdiction to determine the merits of Goldthwaite's Amended 91a Motion, it is hereby **ORDERED** that the Amended 91a Motion is **DENIED AS MOOT**.

Crain's claims against Northern remain pending.

SIGNED: December 17, 2025.

_____
JERRY D. BULLARD
Judge of the Texas Business Court,
Eighth Division